## A93A2527. WHITE v. THE STATE.
### (440 SE2d 527)

JOHNSON, Judge.

William C. White appeals from the trial court's entry of judgment on his plea of nolo contendere to the misdemeanor charge of sexual battery. White contends that the court erred in refusing to allow him to withdraw his plea because it was not knowingly and voluntarily given. Although there is no evidence in the record that White made a motion to withdraw his plea in the trial court, "it is well established that a claim of involuntary plea may be raised for the first time on appeal. [Cit.]" *Lawson v. State*, 204 Ga. App. 796 (1) (420 SE2d 600) (1992). "Once the question of the validity of a guilty [or nolo contendere] plea has been raised, the burden is on the State to show that the plea was intelligently and voluntarily entered. The State may accomplish this end by two means, (1) showing on the record of the guilty plea hearing that the defendant was cognizant of all the rights he was waiving and the possible consequences of his plea; or (2) fill a silent record by use of extrinsic evidence that affirmatively shows that the guilty plea was knowing and voluntary." (Citation and punctuation omitted.) *Dean v. State*, 177 Ga. App. 123, 125 (2) (338 SE2d 711) (1985). The record in the instant case does not contain a transcript of the plea hearing. The State, however, is not required to provide a transcript since "[a] defendant must request that a hearing on a misdemeanor charge be reported and transcribed, unless the trial court on its own motion orders that this be done. [Cits.]" *Gilbert v. City of Manchester*, 204 Ga. App. 422, 423 (1) (419 SE2d 487) (1992). The record does contain the written plea signed by White, wherein he acknowledges that he was represented by an attorney, was not under the influence of drugs or alcohol, was informed of all his rights, voluntarily and intentionally waived those rights, understood the charge against him and that the court could impose a maximum sentence of 12 months imprisonment plus a $1,000 fine. Based on this evidence, the State has met its burden of showing that White's plea was voluntarily and intelligently given. See *Lawson v. State*, supra at 797-798 (2). The trial court committed no error in accepting White's plea.

*Judgment affirmed. McMurray, P. J., and Blackburn, J., concur.*

### DECIDED JANUARY 31, 1994.

*Ronald W. Young*, for appellant.
William C. White, *pro se.*
*Richard H. Taylor, Solicitor*, for appellee.