A93A1613, A93A2227. BICE v. THE STATE (two cases).
(441 SE2d 507)

COOPER, Judge.

Appellant pled guilty to two counts of violating the Georgia Controlled Substances Act. After the trial court imposed sentence of eight years with three to serve and the balance probated, appellant orally moved to withdraw his guilty pleas. The trial court denied the motion in open court. Appellant subsequently filed a written motion to withdraw his guilty pleas and a petition for writ of habeas corpus. The trial court entered an order denying both motions, and appellant appeals that order.[1]

1. The transcript from the plea hearing reflects that at the call of appellant's case, the prosecutor announced that there would be a non-negotiated plea in the case and that appellant was represented by counsel. After summarizing the State's evidence against appellant, the prosecutor informed the court that since it was a non-negotiated plea there was no recommendation by the State as to sentence. The trial judge then questioned appellant to determine if the pleas were intelligently and voluntarily given and specifically inquired as to appellant's understanding that he was pleading guilty without a recommendation by the State. Appellant acknowledged his understanding of this, and the judge advised appellant and his counsel that he could sentence appellant up to 15 years in prison. Immediately following the pronouncement of sentence, appellant moved to withdraw the guilty pleas and after hearing argument the trial court orally denied the motion. Appellant subsequently filed a motion to withdraw the plea and after a second hearing, the motion was denied.

"Once sentence is orally pronounced by the judge, a defendant's statutory right to withdraw a guilty plea disappears. [Cits.] At that point, a guilty plea may be withdrawn only upon the exercise of the judge's discretion. As it is said: 'After pronouncement of sentence, a ruling on a motion to withdraw a plea of guilty is within the discretion of the trial court and will not be disturbed on appeal absent a manifest abuse of such discretion. [Cit.]' [Cit.]" *Covington v. State*, 196 Ga. App. 498 (396 SE2d 298) (1990). Appellant's counsel argues

---

[1] We transferred this case to the Supreme Court as a case involving habeas corpus relief. Ga. Const. of 1983, Art. VI, Sec. VI, Par. III (4). However, the Supreme Court transferred the case back to this court, and from that transfer we conclude that we have jurisdiction to consider this appeal. See *Bishop v. State*, 179 Ga. App. 606 (1) (347 SE2d 350) (1986).

that during a non-transcribed bench conference held prior to the plea proceedings, he understood that the court would allow appellant to withdraw the guilty plea if appellant were unsatisfied with the sentence. At the hearing held on appellant's motion to withdraw guilty pleas, the trial judge who pronounced sentence testified that during the bench conference, appellant's counsel wanted to discuss plea negotiations, and the trial judge informed appellant's counsel that he did not participate in plea negotiations. The judge further testified that he informed appellant's counsel that if they entered a plea on a non-negotiated basis, he would not allow a withdrawal of the plea. In support of his motion to withdraw guilty pleas, appellant submitted his affidavit in which he stated that following a bench conference with the judge, his counsel informed him that he could withdraw his plea if he were not satisfied with the sentence. However, it is clear that during the plea hearing, the trial judge asked appellant if he understood that he was pleading guilty without a recommendation from the State, and even if there were a recommendation from the State, the judge could sentence appellant to whatever was authorized by the law. Furthermore, in light of the judge's testimony as to what he told appellant's counsel during the bench conference, it is hard to imagine that appellant's counsel misunderstood the judge's intention and thereby misinformed appellant about his ability to withdraw the guilty plea. See *Wood v. State*, 190 Ga. App. 179 (1) (378 SE2d 520) (1989); *Marshall v. State*, 128 Ga. App. 413 (197 SE2d 161) (1973). We have examined the record and the evidence and find that the trial judge did not abuse his discretion in denying appellant's motion to withdraw his pleas of guilty.

2. Our consideration and disposition of Case No. A93A1613 renders Case No. A93A2227 moot, and that appeal is consequently dismissed.

*Judgment affirmed in Case No. A93A1613. Appeal dismissed in Case No. A93A2227. Beasley, P. J., and Smith, J., concur.*

DECIDED FEBRUARY 25, 1994.

*Daniel B. Kane*, for appellant.
*Daniel J. Porter, District Attorney, George F. Hutchinson III, Assistant District Attorney*, for appellee.