## A94A1672. SPURGEON v. THE STATE.
(447 SE2d 164)

BLACKBURN, Judge.

This is an appeal from the trial court's denial of Durward Spurgeon's motion to withdraw his guilty plea to two misdemeanor counts of theft by deception. Spurgeon was also charged with two counts of theft by taking, but the theft by taking charges merged with the deception charges. See OCGA § 16-1-7. In five separate enumerations, Spurgeon challenges the validity of his guilty plea.

" 'Once the question of the validity of a guilty (or nolo contendere) plea has been raised, the burden is on the State to show that the plea was intelligently and voluntarily entered. The State may accomplish this end by two means, (1) showing on the record of the guilty plea hearing that the defendant was cognizant of all the rights he was waiving and the possible consequences of his plea; or (2) fill a silent record by use of extrinsic evidence that affirmatively shows that the guilty plea was knowing and voluntary.' [Cit.]" *White v. State*, 211 Ga. App. 779 (440 SE2d 527) (1994). However, "[a]fter pronouncement of sentence, a ruling on a motion to withdraw a plea of guilty is within the discretion of the trial court and will not be disturbed on appeal absent a manifest abuse of such discretion." (Citations and punctuation omitted.) *Bice v. State*, 212 Ga. App. 184 (441 SE2d 507) (1994).

The transcript of the plea proceeding in the case sub judice shows that Spurgeon initially pleaded nolo contendere to the offenses charged.[1] Prior to the court's acceptance of the plea, the trial court asked Spurgeon a series of questions concerning the voluntary nature of his plea and his waiver of rights. In response to those questions, Spurgeon indicated that he was not under the influence of any drugs or alcohol, understood the nature of the charges against him and the maximum punishment that could be imposed against him for the offenses, and understood the rights that he waived by entering a guilty plea, including the right to counsel, and Spurgeon chose to further proceed without the benefit of counsel.

Following the trial court's acceptance of the plea and oral pronouncement of his sentence and fine, Spurgeon asked the court to explain the first offender program and asked if the program would apply to him in this case. The court informed Spurgeon that he would have to plead guilty under this program. Thereafter, the trial judge asked an attorney present in the courtroom to advise Spurgeon on the advantages of pleading guilty under the first offender program in com-

---

[1] Entry of a plea of nolo contendere to an offense constitutes a plea of guilty except that it cannot work any civil disqualification upon the defendant. *Peters v. State*, 210 Ga. App. 211, 212 (1) (435 SE2d 731) (1993).

parison to pleading nolo contendere. After a discussion with this attorney, Spurgeon changed his nolo contendere plea to guilty. The court subsequently accepted the plea and his application for first offender treatment, and the record before us contains a written guilty plea signed by Spurgeon. Based upon this evidence, we believe that the State has met its burden of showing that the plea was freely and voluntarily given, and the trial court did not abuse its discretion in denying Spurgeon's motion to withdraw the plea.

We reject Spurgeon's assertion that the trial court erred by refusing his offer to present a contractual agreement concerning the offenses which originated from the purported sale of a Craftmatic bed. Spurgeon's testimony during the plea proceeding included statements concerning the contents of the written agreement. Hence, "the evidence that [Spurgeon] sought to introduce was cumulative. The admissibility of evidence is within the sound discretion of the trial judge and in view of the cumulative nature of the excluded evidence, any error in excluding same was harmless." *Stewart v. State*, 210 Ga. App. 474, 477-478 (436 SE2d 679) (1993).

Spurgeon's first, second and fifth enumerations of error are deemed abandoned because they are not supported by argument or citations of authority pursuant to Court of Appeals Rule 15 (c) (2). See *McDonald v. State*, 210 Ga. App. 689, 691 (4) (436 SE2d 811) (1993). The remaining issues asserted in Spurgeon's brief were not preserved for appellate review inasmuch as these issues were not raised in Spurgeon's enumerations of error. It is well settled that " ' "[e]numerations may not be enlarged by brief on appeal to cover issues not contained in the original enumeration. (Cit.)" (Cit.)' [Cit.]" *Powell v. State*, 210 Ga. App. 409, 414 (7) (437 SE2d 598) (1993). Consequently, those issues have not been considered by this court.

*Judgment affirmed. Birdsong, P. J., and Senior Appellate Judge Harold R. Banke concur.*

DECIDED JULY 28, 1994.

Durwood D. Spurgeon, *pro se.*
Ben Smith, *Solicitor, Mark A. Basurto, Barry E. Morgan, Assistant Solicitors*, for appellee.