## A94A2417. CHAPMAN v. THE STATE.
(449 SE2d 903)

BLACKBURN, Judge.

Denward Chapman appeals his conviction by a jury of driving under the influence, less safe driver. On appeal, Chapman contends the trial court erred in excluding evidence of Officer Goosman's professional misconduct.

It is undisputed that at the time of trial, Officer Goosman had resigned from the Hall County Sheriff's Department, under threat of being fired. During his employment with the Sheriff's Department, he had been under investigation for sexual misconduct and for an accident in which a pedestrian was struck by his patrol car. The sexual misconduct investigation occurred prior to the actions charged in the indictment, and the other incident occurred afterwards. At trial, Chapman sought to introduce evidence of these investigations against Officer Goosman. The trial court granted the State's motion in limine to exclude any evidence regarding the investigations.

In the present case, Officer Goosman arrived at the scene of an accident wherein Chapman's car hit a tractor trailer while the driver of the tractor trailer was attempting to enter the cab of the vehicle. Officer Goosman interviewed Chapman and conducted field sobriety tests. Other officers conducted an investigation of the scene. At trial, Officer Goosman testified as to the results of the field sobriety tests conducted on Chapman.

The trial court determined that evidence of the investigations into Officer Goosman's conduct was irrelevant in that it was unrelated to the investigation of the charges pending against Chapman. "Generally speaking, questions of relevance are within the domain of the trial court, and, absent a manifest abuse of discretion, a court's re-

fusal to admit evidence on grounds of lack of relevance will not be disturbed on appeal. The rule is usually stated that the judge may exercise his discretion in excluding relevant evidence if he finds that its probative value is substantially outweighed by the risk that its admission will create substantial danger of undue prejudice or of misleading the jury." (Punctuation omitted.) *Friedman v. Friedman*, 259 Ga. 530, 532 (384 SE2d 641) (1989). See also *Datz v. State*, 210 Ga. App. 517 (7) (436 SE2d 506) (1993).

In the present case, the trial court did not abuse its discretion in limiting Chapman's cross-examination of Officer Goosman.

*Judgment affirmed. Birdsong, P. J., and Ruffin, J., concur.*

DECIDED NOVEMBER 23, 1994.

*H. Bradford Morris, Jr.*, for appellant.
*Jerry Rylee, Solicitor, Brett P. Turner, Assistant Solicitor,* for appellee.