## A94A2067. NEAL v. THE STATE.
(453 SE2d 807)

McMURRAY, Presiding Judge.

Defendant Neal appeals the denial of his motion to withdraw a plea of guilty of a violation of the Georgia Controlled Substances Act, possession of cocaine with intent to distribute. *Held:*

Defendant maintains that he was misled by his court-appointed attorney into believing that he would receive a substantial benefit by accepting a plea bargain agreement when in fact no such benefit existed. At the time the charge at issue was pending in Newton County against defendant, he was serving a sentence of ten years, eight to serve, arising from prior violations of the Georgia Controlled Substances Act in Rockdale County. After his plea of guilty on the Newton County charge, defendant was sentenced to a term of life in prison. Pursuant to the plea bargain agreement the life sentence was to run concurrent with the Rockdale County sentence rather than being consecutive. Also, as part of the plea bargain agreement the district attorney's office agreed to refrain from sending any letter in aggravation to the pardons and parole board.

In some respects the significance of the Newton County life sentence being concurrent rather than consecutive to the earlier Rockdale County sentence is rather minimal. Evidence was presented that in either instance a convict would be eligible for parole in seven years from the imposition of the life sentence, with the difference being that in the case of a concurrent sentence a convict would receive credit for jail time. See OCGA § 42-9-45 (b). While defendant would thus receive credit for approximately two weeks jail time, there is no indication that he was made aware of this benefit of the plea bargain prior to entering his plea of guilty.

The court-appointed attorney who represented defendant in connection with the entry of the plea of guilty testified that he related to defendant his conversations with pardons and parole board personnel who informally suggested to him that consecutive imposition of a life

sentence or letters in aggravation from district attorney's offices have a tendency to increase the time to be served above the mandatory times provided in the applicable statutes. The attorney also told defendant that he had been informally told that due to the pressure of the prison population it was likely that a prisoner would be released before serving the seven years mandated for life sentences. This testimony was undisputed.

Defendant's claim of having been misinformed is predicated entirely upon his testimony that he was also told that if the life sentence was consecutive to the earlier sentence, he would serve two or three years of the earlier sentence before starting the life sentence. Such a statement would have been incorrect and defendant, citing *Strickland v. State*, 199 Ga. 792 (1) (35 SE2d 463), maintains that he should have been allowed to withdraw his plea of guilty in the case sub judice since he was incorrectly led to believe that the plea bargain offered the benefit of earlier consideration for parole.

However, the defendant's account of what he had been told concerning the effect of consecutive application of the life sentence was not confirmed by the former court-appointed attorney who stated that at the time of the events in question he understood that the defendant's eligibility for parole would not be affected by whether the life sentence was applied consecutively or concurrently. The trial court found defendant's testimony to be lacking in credibility, self-serving, and without any basis in fact. The trial court also noted that the transcript of the entry of defendant's guilty plea shows that he entered it freely and voluntarily without being threatened, coerced, or offered the slightest hope of benefit in order to induce a plea, was represented by counsel, showed that he understood his rights as well as the maximum and minimum sentence which could be imposed, and stated that he was satisfied with his attorney. We note the implicit conflict between the testimony of defendant and of his former appointed attorney, and conclude that the trial court was authorized to conclude from the evidence submitted that defendant's motion to withdraw plea of guilty was lacking the factual predicate upon which it purported to be founded. The question of whether to permit withdrawal of a guilty plea rests in the sound discretion of the trial court and under the circumstances of the case sub judice we find no abuse of that discretion. *Spurgeon v. State*, 214 Ga. App. 227 (447 SE2d 164); *Bice v. State*, 212 Ga. App. 184 (1) (441 SE2d 507); *Threatt v. State*, 211 Ga. App. 630, 631 (3) (440 SE2d 61); *Covington v. State*, 196 Ga. App. 498 (396 SE2d 298).

*Judgment affirmed. Pope, P. J., and Smith, J., concur.*

Decided February 3, 1995.

*Edgar A. Callaway, Jr.,* for appellant.
*Alan A. Cook, District Attorney, Christopher S. Brasher, Assistant District Attorney,* for appellee.