## A95A2501. BEVIL v. THE STATE.
(467 SE2d 586)

BLACKBURN, Judge.

Following a jury trial, the appellant, William Scott Bevil, was convicted of two counts of child molestation and two counts of aggravated child molestation. His motion for new trial was denied, and he now appeals.

1. In his first enumeration of error, Bevil contends he should have been granted a new trial because the verdict was not supported by the evidence. "However, this court passes only on the sufficiency of the evidence, not its weight. *Sheats v. State,* 210 Ga. App. 622, 623 (2) (436 SE2d 796) (1993)." *Brown v. State,* 214 Ga. App. 838 (449 SE2d 538) (1994). The victim graphically testified as to Bevil's illegal sexual contact with him. Other evidence established that these incidents occurred in DeKalb County when the victim was under the age of 14. Viewed in a light most favorable to support the verdict, a rational trier of fact was clearly authorized to find Bevil guilty beyond a reasonable doubt of the offenses of which he was convicted. *Jackson v. Virginia,* 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. In his second and third enumerations of error, Bevil contends that the verdict was a nullity in that the jury was never administered an oath in accordance with OCGA § 15-12-139. We disagree.

Once the parties discovered that the jury's swearing in had not been made a part of the record, Bevil's trial counsel stipulated to the fact that the jury had been sworn in and the stipulation should be made a part of the record. Despite his stipulation, trial counsel, at a

subsequent post-trial hearing, testified that he could not recall whether the jury had been sworn or not. All presumptions are in favor of upholding the verdict and the record affirmatively shows that the oath was administered, albeit by stipulation. Accordingly, we deem these enumerations of error to be without merit.

3. In his fourth enumeration of error, Bevil contends that the trial court erred by admitting certain photographs into evidence showing the victim and himself together at family functions. He argues that such photographs were inadmissible for lack of proper foundation, inaccuracy in depicting the scenes portrayed, and irrelevance.

However, the record reflects irrelevancy was the only objection raised at trial. "If counsel desires to preserve an objection upon a specific point for appeal, the objection must be made at trial upon that specific ground." (Citations and punctuation omitted.) *Norman v. State*, 197 Ga. App. 333, 334 (398 SE2d 395) (1990). Any error in admitting photographs that depicted Bevil's warm personal relationship with the victim and his family was harmless in that Bevil conceded such relationship at trial.

4. In his fifth enumeration of error, Bevil contends that the trial court erred in excluding as irrelevant his cross-examination of the victim as to a conversation the victim had with his psychologist concerning homosexuality. The record shows that the victim testified out of the presence of the jury that he had discussed his brother's hatred for homosexuals, not his own. Absent a manifest abuse of discretion, a trial court's refusal to admit evidence on grounds of lack of relevance will not be disturbed on appeal, *Chapman v. State*, 215 Ga. App. 340, 341 (449 SE2d 903) (1994), and we decline to do so here. In any event, former counsel for Bevil withdrew the offending question, rendering the issue moot on appeal.

5. In his sixth enumeration of error, Bevil contends that the trial court erred by allowing a detective to testify about the capacity of child victims to specifically recall the dates when offenses against them took place. The detective testified that it was not unusual for child victims of multiple offenses to be unable to recall the exact dates on which such offenses occurred. The record reveals that the detective had 17 years experience in law enforcement, particularly in investigating sex offenses. He was trained in the techniques associated with interviewing the victims of such offenses, particularly children. In light of the detective's considerable experience, the trial court did not abuse its discretion in permitting him to testify as an expert witness. *Fatora v. State*, 185 Ga. App. 15, 19 (363 SE2d 566) (1987) (whether a witness may testify as an expert is a question for the sound discretion of the trial court and, absent abuse, will not be disturbed).

6. By his eighth and ninth enumerations of error, Bevil contends

that the trial judge erred by failing to recuse himself before the trial began. After the verdict was rendered the trial judge recused himself from the sentencing phase.

OCGA § 15-1-8 pertinently provides that a judge shall not sit in any case in which he has a pecuniary interest, a familial relationship with a party, or in any case in which he previously served as counsel or judge. " 'The grounds for recusal in [OCGA] § 15-1-8 are exclusive and exhaustive, and courts may not add other grounds of disqualification to those stated in the statute. [Cits.]' " *Johnson v. State*, 208 Ga. App. 453, 454 (430 SE2d 821) (1993). None of these circumstances is applicable in the instant case.

Further authority indicates that a trial judge should be disqualified for bias against a party, if such bias "stem[s] from an extra-judicial source and result[s] in an opinion on the merits on some basis other than what the judge learned from his participation in the case. The alleged bias of the judge must be of such a nature and intensity to prevent the defendant from obtaining a trial uninfluenced by the court's prejudgment." (Citations and punctuation omitted.) *Birt v. State*, 256 Ga. 483, 485-486 (350 SE2d 241) (1986). There is no evidence of this in the record. Further, new counsel for Bevil declined the trial judge's offer to recuse himself from hearing Bevil's motion for a new trial which was grounded upon the trial judge's failure to recuse himself from the trial of the case on the merits. Accordingly, we deem this enumeration of error to be without merit.

7. In enumerations of error 10 through 39, Bevil contends that he was denied effective assistance of counsel. Citing *Cochran v. State*, 262 Ga. 106 (414 SE2d 211) (1992), Bevil argues that pervasive evidence of ineffectiveness of counsel makes a particularized inquiry for prejudice under *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984), unnecessary. His claims of ineffectiveness, however, are not supported in the record.

(a) Bevil asserts that trial counsel erred in failing to present defenses of alibi at trial. However, the record reflects that the trial counsel did present the defense of alibi at trial. While such evidence reflected that Bevil was working in North Carolina in the period June 1988 to March 1990, it also indicated that he returned to Georgia periodically.

(b) Bevil contends that trial counsel was ineffective when he allowed part of voir dire to be conducted outside Bevil's presence. The trial court, as did trial counsel, advised Bevil of his right to be present during the voir dire of certain of the members of the jury. He declined to do so. "A party will not be heard to complain of error induced by his own conduct." (Citations and punctuation omitted.) *Wells v. State*, 212 Ga. App. 60, 62 (441 SE2d 460) (1994).

(c) Bevil claims generally that his trial counsel failed to prepare

the case for trial, to interview witnesses, to read and examine medical reports, or to consult or subpoena psychological or psychiatric experts. He further asserts that trial counsel relied on the prosecutor's open file policy in gathering information regarding possible witnesses and their statements. In this regard, trial counsel testified that he interviewed all defense witnesses prior to trial. While there had been witnesses which he did not interview before trial, he testified that he had not done so because he knew what the witnesses' statements would be, having reviewed the State's file and spoken with the prosecutor thereon. No testimony at trial surprised trial counsel. Trial counsel testified that he spoke with Bevil, in person or by telephone, once a week prior to trial; he met with him personally five to ten times; and he discussed Bevil's testimony with him on many occasions. Although trial counsel recommended that a private investigator not be employed, Bevil concurred in that recommendation. Further, trial counsel testified that he did not read the medical reports contained in the State's file in that he believed them to be illegible, privileged at trial, and irrelevant to his good character defense.

Bevil contends variously that trial counsel was ineffective for failure to challenge the admissibility of the State's evidence. Trial counsel defended his failures to object to the admission of State evidence at trial as necessary to allow him to "employ every discrepancy in the prosecution's case that we could develop" or to elicit sympathy for him. As to the latter, after discussing the matter with Bevil, trial counsel allowed the State's expert witness as to child victims to testify that Bevil had told him he had been molested as a child in order to minimize potential damage to his good character defense if introduced by the State. While by his brief, Bevil characterizes his trial counsel's trial strategy as "non-adversarial," the record reveals the contrary. Bevil's trial counsel filed pretrial discovery motions. He cross-examined the State's witnesses, including an exhaustive cross-examination of the victim. He established that the victim continued to call Bevil after he decided to stop seeing the victim's family; employing seven defense witnesses, he established Bevil's good character.

"Generally, the burden is on the defendant claiming ineffectiveness of counsel to establish (1) his attorney's representation in specified instances fell below an objective standard of reasonableness and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. The trial court's determination that an accused has not been denied effective assistance of counsel will be affirmed on appeal unless that determination is clearly erroneous. In the absence of testimony to the contrary, counsel's actions are presumed strategic. The decisions on which witnesses to call, whether and how to conduct cross-examina-

tions, what jurors to accept or strike, what trial motions should be made, and all other strategies and tactical decisions are the exclusive province of the lawyer after consultation with the client." (Citations and punctuation omitted.) *Hudson v. State*, 218 Ga. App. 671, 672 (462 SE2d 775) (1995).

In denying Bevil's motion for new trial, the trial court found that "[Bevil] has not established that his trial counsel's lack of independent investigation, trial strategy, or other conduct, rose to the level of harm authorizing a new trial." We have reviewed Bevil's claims of ineffective assistance and find the evidence of record insufficient as to require a finding that trial counsel's performance was deficient or that the defense was prejudiced thereby. We must affirm the trial court's finding that Bevil was afforded effective assistance of counsel because it is not clearly erroneous. That Bevil and present counsel would have proceeded differently does not establish the ineffectiveness of trial counsel. *Hudson*, supra. Accordingly, we deem this enumeration of error to be without merit.

8. In light of our disposition above, we need not reach the remaining enumerations of error.

*Judgment affirmed. McMurray, P. J., and Andrews, J., concur.*

DECIDED JANUARY 9, 1996 —
RECONSIDERATION DENIED JANUARY 24, 1996 —

*Peevy & Lancaster, Donn M. Peevy*, for appellant.

*J. Tom Morgan, District Attorney, Barbara B. Conroy, Jeffrey H. Brickman, Assistant District Attorneys*, for appellee.