A96A1465. BECK v. THE STATE.
(473 SE2d 263)

McMURRAY, Presiding Judge.

Defendant Beck was charged by indictment with the offenses of armed robbery, violation of the Georgia Controlled Substances Act, and habitual felon. The alleged offense of habitual felon was an invocation of the provisions of OCGA § 17-10-7 (b) (2) as amended by Ga. L. 1994, p. 1959, § 12, effective January 1, 1995, which require a mandatory sentence of life without parole upon conviction of a second serious violent felony, if the defendant is not sentenced to death. Defendant had a previous conviction for armed robbery in 1989. See OCGA § 17-10-6.1 for the definition of "serious violent offender."

During the trial of the case, a plea bargaining agreement was reached and defendant entered his plea of guilty of armed robbery. Under that agreement, the remaining charges were to be nol prossed. Defendant was sentenced to life in prison.

Within 30 days defendant filed a motion styled as a motion for new trial, but which was in substance a motion to withdraw his plea of guilty maintaining that his plea was coerced. This appeal is taken from the denial of that motion. *Held*:

" ' "Once the question of the validity of a guilty (or nolo contendere) plea has been raised, the burden is on the State to show that the plea was intelligently and voluntarily entered. The State may accomplish this end by two means, (1) showing on the record of the guilty plea hearing that the defendant was cognizant of all the rights he was waiving and the possible consequences of his plea; or (2) fill a silent record by use of extrinsic evidence that affirmatively shows that the guilty plea was knowing and voluntary." (Cit.)' *White v. State*, 211 Ga. App. 779 (440 SE2d 527) (1994). However, '(a)fter pronouncement of sentence, a ruling on a motion to withdraw a plea of guilty is within the discretion of the trial court and will not be disturbed on appeal absent a manifest abuse of such discretion.' (Cita-

tions and punctuation omitted.) *Bice v. State*, 212 Ga. App. 184 (441 SE2d 507) (1994)." *Spurgeon v. State*, 214 Ga. App. 227 (447 SE2d 164). See also *White v. State*, 211 Ga. App. 779, supra.

The plea transcript shows compliance with the procedures required under Uniform Superior Court Rules 33.7, 33.8, and 33.9 in order to establish that a guilty plea was knowing and voluntary. Appropriate responses were made by the defendant to each of the queries from the superior court including an explicit denial that the guilty plea was entered as a result of any threat or promise.

Nonetheless, defendant contends that he did not voluntarily enter his plea in that he was coerced by the threat of sentencing under OCGA § 17-10-7 (b) (2), as amended, to a period of life without parole. Defendant maintains that since his first conviction for armed robbery preceded the amendment of this statute, said amendment is inapplicable to this case and that such an application would amount to a violation of the ex post facto prohibitions of the United States and Georgia Constitutions. But in examining the voluntariness of defendant's plea, the determinative issue is whether the plea represents a voluntary and intelligent choice among the alternative courses of action available to defendant. That defendant would not have pleaded but for the desire to avoid prosecution for additional crimes or to avoid receiving a longer sentence is not the type of coercion which prevents a plea from being free and voluntary. *Shakur v. State*, 239 Ga. 548, 549-550 (238 SE2d 85); *Clark v. State*, 186 Ga. App. 106, 108 (3) (366 SE2d 361), aff'd, *State v. Clark*, 258 Ga. 464 (369 SE2d 900). Therefore, we find no abuse of discretion in the superior court's denial of defendant's motion to withdraw his plea of guilty of armed robbery.

*Judgment affirmed. Johnson and Ruffin, JJ., concur.*

DECIDED JULY 9, 1996.

*Richard K. Murray*, for appellant.
*Kermit N. McManus, District Attorney, Herbert M. Poston, Jr., Assistant District Attorney*, for appellee.