## A96A1945. JOHNS v. THE STATE.

(479 SE2d 388)

BLACKBURN, Judge.

We granted this discretionary appeal to review the trial court's judgment revoking the probation granted to Caecer Lydell Johns under the First Offender Act. OCGA § 42-8-60 et seq. Johns was originally indicted in 1993 under the alias "Kevin Nunnally" for sale of cocaine and possession of cocaine with intent to distribute. He and his attorney negotiated a guilty plea to a single charge of simple possession of cocaine. At the plea hearing on March 18, 1993, Johns' attorney asked the court to consider first offender treatment, as "Nunnally" apparently had no prior record. The trial court agreed and granted "Nunnally" first offender status for the conviction.

On June 29, 1993, a warrant was issued for "Nunnally's" arrest because he had not reported to his probation officer or paid any of the fines assessed against him by the trial court. He was arrested on December 1, 1995. At the probation revocation hearing on December 18, 1995, the trial court sentenced him to 15 years, the maximum sentence for a first offense of possession of cocaine. See OCGA § 16-13-30 (e). The court specifically directed that this time be served in addition to the time he had successfully served on probation.

1. Johns claims the State did not meet its burden of showing he entered the 1993 guilty plea knowingly and voluntarily. See *Dean v. State*, 177 Ga. App. 123, 125 (2) (338 SE2d 711) (1985) (State must show evidence that plea was made intelligently and voluntarily). This argument fails, as the record shows he freely and voluntarily pled guilty with an understanding of both the nature of the charges against him and the consequences of his plea. *Scurry v. State*, 194 Ga. App. 165, 166-167 (390 SE2d 255) (1990).

At the plea hearing, the assistant district attorney explained to Johns (who swore he was "Kevin Nunnally") the charges against him and the possible sentences on those charges. She reminded Johns that he had the right to a trial at which he could testify or remain silent, subpoena witnesses in his behalf, and confront the State's witnesses. She told Johns he would give up those rights by pleading guilty. Johns told the court he had discussed the charges with his

attorney, that he was aware of the State's recommendation and that he was also aware that the trial court did not have to follow that recommendation, and that he was entering the plea freely and voluntarily. After the assistant district attorney summarized the facts of the case, the trial court asked "Nunnally" if he wished to add anything. He declined.

Johns claims the trial court violated Uniform Superior Court Rule 33.8 by failing to remind him of every right he would relinquish by pleading guilty. But as in *McClendon v. State*, 256 Ga. 480, 481 (2) (350 SE2d 235) (1986), the question is not whether the trial court followed the letter of that rule but whether the record, as a whole, affirmatively shows his plea was knowing and voluntary. See also *Purvis v. Connell*, 227 Ga. 764, 767 (182 SE2d 892) (1971) (record must show plea was intelligently and voluntarily made). Johns acknowledged he understood he would give up significant rights and be sentenced by the court. He stated he had consulted with his attorney, and this Court may presume his attorney explained Johns' rights to him. *Scurry*, supra at 166. As in *King v. State*, 215 Ga. App. 139, 141 (1) (449 SE2d 870) (1994), the trial court's explanation that a plea resulted in the defendant's waiver of certain rights, the defendant's acknowledgment that he understood the decision he was making, and his attorney's statement that he had consulted with his client support the trial court's finding that Johns knowingly and voluntarily entered this guilty plea.

2. After Johns pled guilty, his attorney asked the court to impose first offender sentencing because "Kevin Nunnally" had no prior offenses. Johns actually had two prior felony convictions, one under his own name and one under the alias "Cecil Jackson." He now contends that the court erred by failing to determine that he was not eligible for first offender treatment, even though he told the court under oath that he was the "Kevin Nunnally" named in the indictment and that his name was spelled correctly in the indictment. He similarly argues his trial counsel was ineffective for not informing him he was ineligible for first offender treatment because of his other felonies. These contentions are spurious. Johns' attempt to defraud the court by concealing his true identity allowed him to receive special treatment available only to those with clean records. He will not now be heard to complain that the trial court or his attorney should not have let him "get away" with this fraud. See *Bevil v. State*, 220 Ga. App. 1, 3 (7) (b) (467 SE2d 586) (1996) (party cannot complain of error created by his own conduct).

3. Johns argues the evidence was insufficient to support the revocation of his probation. The record reveals that as a condition of his first offender probation, Johns was ordered to report to his probation officer as directed and to pay a fine. At the revocation hearing, the

probation officer told the court Johns had done neither. Johns presented no evidence, but his attorney told the trial court that Johns was afraid to report to the probation officer because "he had given an alias name and was concerned that if he did come into the probation office it would catch up with his alias names and he would get into trouble." Even without construing the statement of his attorney as an admission that Johns did not report, a preponderance of the evidence supports the trial court's finding that he failed to do so as required. See OCGA § 42-8-34.1 (a); see also *Riggins v. State*, 206 Ga. App. 239, 240-241 (1) (424 SE2d 879) (1992).

Furthermore, pursuant to his first offender agreement, the court had authority to revoke Johns' probation "upon the Court's determination that the defendant is or was not eligible for sentencing under the First Offender Act." As Johns was never eligible for first offender treatment, his fraud on the court gave the trial court yet another reason to revoke his probation.

4. Johns is correct that the court erred under the facts of this case in directing that the 15-year sentence it imposed after revoking his probation be served in addition to time actually served on probation. The State does not dispute Johns' claim. A defendant whose first offender probation is revoked should generally be given credit for time successfully served on probation. *Stephens v. State*, 245 Ga. 835, 837 (268 SE2d 330) (1980); *Tallant v. State*, 187 Ga. App. 138, 139 (369 SE2d 789) (1988). Neither of the cited cases involved a fraud upon the court by one not legally entitled to first offender treatment. If Johns received no credit for the time he successfully served on probation, his sentence in this case would exceed the maximum 15-year sentence for the subject violation. We do not address the appropriateness of the trial court's sentence under other facts. Nothing precludes the State from bringing any new criminal or contempt charges which the facts and law may authorize. See *Stephens*, supra. The sentence is vacated and remanded with direction that Johns receive credit for the time he successfully served on probation.

*Judgment affirmed in part, vacated in part, and remanded with direction. Beasley, C. J., and Birdsong, P. J., concur.*

DECIDED NOVEMBER 14, 1996.

*E. Stephanie Stuckey*, for appellant.
*Lewis R. Slaton, District Attorney, Kirby Clements, Jr., Assistant District Attorney*, for appellee.