A99A2187. CUNNINGHAM v. THE STATE.
(522 SE2d 480)

MCMURRAY, Presiding Judge.

Defendant Cunningham pleaded guilty to a single violation of the Georgia Controlled Substances Act (possession of cocaine) and

---

received a two-year probated first offender sentence. He appeals from the superior court's order denying his motion to withdraw his plea at a resentencing hearing necessitated by the State's discovery after initial sentencing that he had previously pled guilty to burglary under the First Offender Act, rendering him ineligible for first offender treatment. The defendant challenges the validity of his guilty plea in two enumerations of error. *Held*:

1. In his first enumeration of error, defendant asserts the trial court erred in denying his motion to withdraw the guilty plea because the plea "was void ab initio, in that the Trial Court was under the mistaken impression that [he] was a First Offender."

> " 'Once the question of the validity of a guilty plea (or nolo contendere) plea has been raised, the burden is on the State to show that the plea was intelligently and voluntarily entered. The State may accomplish this end by two means, (1) showing on the record of the guilty plea hearing that the defendant was cognizant of all the rights he was waiving and the possible consequences of his plea; or (2) fill a silent record by use of extrinsic evidence that affirmatively shows that the guilty plea was knowing and voluntary.' (Cit.)" *White v. State*, 211 Ga. App. 779 (440 SE2d 527) (1994). However, "(a)fter pronouncement of sentence, a ruling on a motion to withdraw a plea of guilty is within the [sound] discretion of the trial court and will not be disturbed on appeal absent a manifest abuse of such discretion." (Citations and punctuation omitted). *Bice v. State*, 212 Ga. App. 184 (441 SE2d 507) (1994).

*Spurgeon v. State*, 214 Ga. App. 227 (447 SE2d 164).

The transcript of the plea proceeding in the case sub judice shows that before the court accepted defendant's plea, the trial court asked him a series of questions concerning the voluntariness of his plea and his rights waiver. In responding to such questions, defendant stated he understood the nature of the charge against him, understood the maximum permissible punishment that could be imposed against him for such offense, understood the rights he gave up by entering a plea of guilty, including the right to counsel, and he was not under the influence of any drugs, medicines or intoxicants of any kind. Further, defendant indicated his trial counsel explained the First Offender Act to him, and, in response to a direct question propounded by the trial court,[1] stated he had not previously been

---

[1] The trial court asked defendant, "Have you been convicted of a felony anywhere, anytime?" He responded, "No, ma'am."

convicted of a felony. The State's attorney had no evidence to the contrary. While defendant correctly argues that the trial court erroneously believed him to be entitled to first offender treatment, the evidence is decidedly to the contrary showing that he defrauded the court in this respect. "[Defendant] will not now be heard to complain that the trial court . . . should not have let him 'get away' with this fraud. See *Bevil v. State*, 220 Ga. App. 1, 3 (7) (b) (467 SE2d 586) (1996) (party cannot complain of error created by his own misconduct)." *Johns v. State*, 223 Ga. App. 553, 554 (2) (479 SE2d 388). The trial court's explanation that a plea resulted in defendant's waiver of significant rights, defendant's acknowledgment that he understood his decision to plead guilty, and defendant's statement that he made his decision upon consulting with his attorney support the trial court's finding that defendant knowingly, voluntarily and intelligently entered the instant guilty plea. Accordingly, this enumeration of error is without merit.

2. In his remaining enumeration of error, the defendant contends that the court should have allowed him to withdraw his guilty plea in that he would not have entered the plea but for the ineffectiveness of his trial counsel. This claim of error is likewise without merit.

> To prevail on a claim of ineffective assistance of counsel in the context of a guilty plea, [defendant] must show counsel's performance fell below an objective standard of reasonableness and that there is a reasonable probability that, absent counsel's errors, he would not have pleaded guilty. *Tarwater v. State*, 259 Ga. 516, 517 (383 SE2d 883) (1989). A court's finding that counsel has rendered effective assistance will be affirmed unless it is clearly erroneous. *Kelly v. State*, 267 Ga. 252, 253 (2) (447 SE2d 110) (1996).

*Martin v. State*, 268 Ga. 584-585 (492 SE2d 223). The defendant cannot make the required showing, as the evidence shows that trial counsel sought disposition of defendant's case under the First Offender Act with defendant's consent[2] after explaining the Act to the defendant.

> It is presumed that counsel will fulfill the role in the adversary process that the Sixth Amendment envisions, and has rendered adequate assistance and made all significant deci-

---

[2] The trial court asked defendant, "Sir, I understand from your attorney that you would consent to a disposition of this case under the First Offender Act, is that correct?" Defendant replied, "Correct."

sions in the exercise of reasonable professional judgment. *Strickland v. Washington*, 466 U. S. 668, 688, 690 (104 SC 2052, 80 LE2d 674).

*Scurry v. State*, 194 Ga. App. 165, 166 (390 SE2d 255). Presuming the foregoing of trial counsel, we conclude that defendant misrepresented his status as a first offender no less to his attorney at trial than he did to the trial court. As defendant will not be heard to fault the trial court for his fraud on the court, neither will he be heard to fault his trial attorney for such fraud for he, and he alone, is the responsible party. *Johns v. State*, 223 Ga. App. 553, supra.

*Judgment affirmed. Johnson, C. J., and Phipps, J., concur.*

DECIDED SEPTEMBER 9, 1999 ▬▬▬▬▬

*Lee Sexton*, for appellant.

*Robert E. Keller, District Attorney, Todd E. Naugle, Assistant District Attorney*, for appellee.