A00A1148. McFADDEN v. THE STATE.
(534 SE2d 566)

MCMURRAY, Senior Appellate Judge.
Defendant pleaded guilty to possession of cocaine, driving with a suspended license, no proof of insurance and failure to use safety belts and received nearly a four-year probated first offender sentence. He appeals from the superior court's order resentencing him to ten years to serve following a resentencing hearing occasioned by the State's discovery of a New Jersey felony conviction for possession of cocaine, rendering him ineligible for first offender treatment. In four

[11] Id. at 280-281.

enumerations of error, the defendant challenges the validity of his guilty plea and his sentencing under the First Offender Act. *Held*:

1. In his first enumeration of error, defendant contends that the superior court erred in accepting his guilty plea for its failure to establish on the record the factual basis underlying his conviction for possession of cocaine under Uniform Superior Court Rule (USCR) 33.9.[1] In this regard, defendant argues that he denied owning the pipe containing traces of cocaine underlying the possession of cocaine charge against him in responding to questions put to him by the State's attorney at his guilty plea hearing.

At the superior court's request, however, the State's attorney, in her place, stated that the charges in the case sub judice arose out of a Jonesboro traffic stop in which defendant and two passengers, Eugene Davis and a sleeping child, were pulled over for failure to wear seat belts upon leaving a parking lot. Although the defendant initially gave the arresting officer a false name, he admitted driving without a license. Further, the State's attorney stated that in addition to the pipe found on the floorboard of the passenger's side of the vehicle, a second pipe containing suspected cocaine was discovered in a pat-down of Davis' back pocket at the scene. Additionally, defendant responded affirmatively to the superior court's questions seeking to determine whether he understood the nature of the charges against him; the maximum permissible punishment that could be imposed upon him for the charged offenses; and the rights he gave up upon pleading guilty, inclusive of the right to counsel. In response to other questions put to him by the superior court, the defendant stated that he was not under the influence of any drugs, medications, or intoxicants and, upon consultation with counsel, that he understood "the good side and the bad side" of the First Offender Act.

That the superior court chose to adduce the factual basis of defendant's plea, in part, through the State's attorney was not error. A trial court may satisfy itself as to the sufficiency of the factual basis of the plea by "questioning the defendant, the defense counsel (*Roberts v. Greenway*, 233 Ga. 473, 476 (211 SE2d 764)), or any other legitimate source available to the trial court that can furnish evidence that the constitutional rights of the defendant have been satisfied."[2]

Once the question of the validity of a guilty plea or nolo con-

---

[1] USCR 33.9 requires a trial court to make a subjective determination that there is a factual basis for the plea to foreclose the potential that a person might plead guilty not knowing that his or her acts do not constitute the crime charged. *King v. Hawkins*, 266 Ga. 655-656 (469 SE2d 30).

[2] *Germany v. State*, 151 Ga. App. 866, 867 (261 SE2d 774), rev'd on other grounds, 245 Ga. 326, 328-329 (265 SE2d 13) ("[T]here is no procedural requirement that the judge personally make all the inquiries provided that they are made in [his or her] presence.").

tendere plea has been raised, the burden is on the State to show that the plea was intelligently and voluntarily entered. The State may accomplish this end by two means, (1) showing on the record of the guilty plea hearing that the defendant was cognizant of all the rights he was waiving and the possible consequences of his plea; or (2) fill a silent record by use of extrinsic evidence that affirmatively shows that the guilty plea was knowing and voluntary.[3]

Under the facts of the case sub judice, we conclude that the defendant knowingly, voluntarily, and intelligently entered the instant guilty plea. Accordingly, this enumeration of error is without merit.

2. In his remaining enumerations of error, defendant contends that the superior court: (a) erred in failing to give him credit for time served while on probation as a first offender; (b) erred in failing to determine he was ineligible for first offender treatment upon reviewing his criminal history; and (c) erred in resentencing him as if he had been ineligible for sentencing as a first offender.

In conducting her inquiry as to the sufficiency of the factual basis for the plea, the superior court asked the defendant, "[H]ave you been convicted of any felony anywhere or anytime?" The defendant responded, "No." The State's attorney had no evidence to the contrary. Subsequently, evidence of a prior out-of-state felony conviction for a drug offense was discovered, establishing that defendant had defrauded the court in testifying that he had not previously been convicted of a felony. Inasmuch as defendant complains of error resulting from his own misconduct, waiver of any right to complain thereof on appeal results.[4] Defendant's claims of error as to his treatment as a first offender are therefore likewise without merit.

*Judgment affirmed. Pope, P. J., and Miller, J., concur.*

DECIDED MAY 11, 2000.

*Stanley W. Schoolcraft III*, for appellant.
*Robert E. Keller, District Attorney, Bonnie K. Smith, Lalaine A. Briones, Assistant District Attorneys,* for appellee.

---

[3] (Citations and punctuation omitted.) *Cunningham v. State*, 239 Ga. App. 889, 890 (1) (522 SE2d 480).
[4] Id. at 891, citing *Bevil v. State*, 220 Ga. App. 1, 3 (7) (b) (467 SE2d 586) and *Johns v. State*, 223 Ga. App. 553, 554 (2) (479 SE2d 388).