A03A1827. COLBERT v. THE STATE.
(591 SE2d 364)

JOHNSON, Presiding Judge.

George Colbert was indicted on charges of kidnapping, aggravated assault, armed robbery, and theft of a motor vehicle. Counsel was appointed to represent Colbert, and he proceeded to trial before a jury. After all the evidence was presented, but before closing arguments were made to the jury, Colbert negotiated a plea agreement with the state and pled guilty to the charges. The trial court accepted Colbert's guilty plea, imposing concurrent sentences of eighteen years for the kidnapping, aggravated assault, and armed robbery, and ten years for the theft.

Approximately two weeks later, Colbert moved to withdraw his guilty plea. The trial court denied the motion. Colbert appeals from the denial of his motion to withdraw his guilty plea.

Excluding cover pages, Colbert's appellate brief is nine pages long. The first eight pages contain purported statements of the case and the facts, none of which are supported by citations to the record. The last page sets forth Colbert's argument, which consists of his allegation that he should have been allowed to withdraw his guilty plea due to ineffective assistance of counsel, followed by several case citations. Attached to the end of the brief are several documents, most of which are not included in the record before us.

Colbert's brief is wholly inadequate due to the absence of proper record citations, enumerations of error, and any meaningful argument.[1] Consequently, he has failed to carry his burden of proving by the record that the trial court manifestly abused its discretion in

---

[1] See Court of Appeals Rules 22, 23, 27.

denying his motion to withdraw his guilty plea.[2] Moreover, it is apparent from our review of the plea hearing transcript and the written guilty plea signed by Colbert that he was cognizant of all the rights he was waiving and the possible consequences of his plea, and that the plea was knowing and voluntary.[3] Based on the record and briefs before us, we find no reversible error.

*Judgment affirmed. Eldridge and Mikell, JJ., concur.*

DECIDED NOVEMBER 6, 2003 —
RECONSIDERATION DENIED DECEMBER 3, 2003.

George Colbert, *pro se.*

*J. Gray Conger, District Attorney, E. Wayne Jernigan, Jr., Assistant District Attorney,* for appellee.

---

[2] See *Dalton v. State*, 244 Ga. App. 203, 205-206 (2) (534 SE2d 523) (2000) (after sentence pronounced, permission to withdraw guilty plea lies within trial court's sound discretion, the exercise of which will not be disturbed absent manifest abuse).

[3] See *McFadden v. State*, 243 Ga. App. 896, 897-898 (1) (534 SE2d 566) (2000).