## A03A1892. MIDDLETON v. THE STATE.
### (591 SE2d 493)

MILLER, Judge.

Ronald Middleton pled guilty to theft by conversion and requested that the court accord him first offender treatment. Noting that Middleton's prior South Carolina conviction appeared to be a felony, the court declined and sentenced Middleton to five years probation; however, the court did give Middleton thirty days to present evidence that the prior conviction was a misdemeanor and to petition to modify the sentence. Middleton presented no such evidence or petition and now appeals, claiming the court erred in failing to consider first offender treatment as an option. We discern no error and affirm.

At a pre-trial hearing, the State recited evidence showing that Middleton had rented a U-Haul truck but failed to return it. The U-Haul company tried in vain to contact Middleton, whose phone had been disconnected and who failed to pick up certified mail. Months

---

later, the company discovered the truck at Middleton's apartment complex, and Middleton was arrested for theft by conversion.

Acting pro se, Middleton admitted to the basic facts but defended that he had entrusted his girlfriend with the truck and had left town, believing she would return it. He expressed an interest in pleading guilty but wanted to know if the court would accord him first offender treatment. The court noted that Middleton's record reflected a prior South Carolina conviction that resulted in a one-year probation sentence, which caused the court to believe it was a felony that rendered Middleton ineligible for first offender treatment. Middleton protested, claiming that the conviction was a misdemeanor. The court informed Middleton that it would consider the conviction a felony conviction unless Middleton could present evidence to the contrary. Middleton did not plead guilty at that time, and the case was scheduled for trial.

On the trial date, Middleton pled guilty to theft by conversion and again requested first offender treatment. The court asked Middleton if he had a certified copy of the South Carolina conviction showing it was a misdemeanor. Middleton did not. The court declined to accord him first offender treatment and sentenced him to five years probation. The court informed Middleton that it would consider modifying the sentence and according him first offender status if within 30 days he would submit a certified copy of the South Carolina conviction (showing it was a misdemeanor) attached to a petition for sentence modification. The court gave Middleton instructions on how to obtain a certified copy. Middleton did not do so and instead appealed to this Court. Middleton contends that the trial court erred in not according him first offender treatment.

First offender treatment is available for a defendant "who has not been previously convicted of a felony. . . ." OCGA § 42-8-60 (a). Inasmuch as a felony under Georgia law "means a crime punishable . . . by imprisonment for more than 12 months" (OCGA § 16-1-3 (5)), the court understandably had reason to believe that the South Carolina sentence for one-year probation was for a felony. The court gave Middleton ample opportunity to obtain evidence that the conviction was a misdemeanor, but Middleton did not do so. Based on his failure to provide the requested evidence to the court, Middleton can hardly fault the court for considering him ineligible for first offender treatment. We hold that the court did not err in its sentencing of Middleton. Cf. *Johns v. State*, 223 Ga. App. 553, 554 (2) (479 SE2d 388) (1996).

*Judgment affirmed. Smith, C. J., and Ruffin, P. J., concur.*

DECIDED DECEMBER 11, 2003.

Ronald Middleton, *pro se.*

J. Tom Morgan, District Attorney, Sheila A. Connors, Robert M. Coker, Assistant District Attorneys, for appellee.