A05A0775. McCLOUD v. THE STATE.
(612 SE2d 907)

ELLINGTON, Judge.

Patrick McCloud appeals from the judgment and sentence on his guilty plea to one count of sale of cocaine, OCGA § 16-13-30. He contends the trial court failed to properly determine that his plea was

voluntary or that there was a factual basis for the plea before it accepted the plea. Because these contentions are not supported by the record, we affirm.

The plea hearing transcript in this case shows that the trial court ensured that McCloud understood the following: the nature of the charge against him and the possible sentence he faced, that he had a right to a jury trial and to be represented by a lawyer, and that, by pleading guilty, he was waiving a jury trial. McCloud confirmed that he was not under the influence of drugs, medications, or alcohol, that he was represented by counsel and was satisfied with counsel's representation, and that he wished to plead guilty to the charge. McCloud also stated that he understood that, if the case went to trial, he would be presumed innocent and the State would have the burden of proving his guilt beyond a reasonable doubt, he would have the right to present witnesses on his behalf, and he would be able to cross-examine the State's witnesses. Further, the trial court informed McCloud that, even though the State might recommend a sentence to be imposed, the court was not bound by it, would be free to reject it altogether, and was authorized to impose any sentence that is allowed by law, even if it is less favorable to McCloud than the sentence recommended by the State. The court also informed him of his right to appeal from the guilty plea and sentence, as well as his right to counsel during the appeal. McCloud indicated that he understood this information.

After establishing that McCloud understood his rights and the impact of a guilty plea, the court again confirmed that McCloud wanted to plead guilty and that the plea was made freely and voluntarily. The court specifically asked whether there had been any promises, force, or threats of any kind to get him to plead guilty. McCloud replied, "No, sir." The State told the court that, if the case had gone to trial, the evidence would have shown that McCloud knowingly and intentionally sold cocaine in Colquitt County. Both McCloud and his counsel told the court that they had nothing to add or subtract to the State's recitation of the facts about the crime. McCloud then admitted that he was guilty of selling cocaine.

A few moments later, however, McCloud told the court that, after the police officers arrested him, they told him that if he acted as a "snitch" they would drop the charges against him. The court directed counsel to speak with McCloud to determine whether McCloud felt the officers had made promises or threats in order to get him to plead guilty. The court told McCloud that, if promises or threats were made, it would not accept McCloud's guilty plea and the case would go to trial. After McCloud spoke with his counsel, he pled guilty to the charge. Counsel told the court that McCloud admitted his guilt and that McCloud "just wanted to provide [the] information" about the

officers' alleged statements to the court. Both McCloud and his counsel confirmed that McCloud did not feel the officers had threatened him to get him to enter a guilty plea. The trial court accepted McCloud's plea and informed him that it intended to "substantially follow" the State's recommendation on sentencing.[1] The court then sentenced McCloud to ten years, three to serve.

Accordingly, the transcript shows that the trial court ensured that McCloud was cognizant of the rights he was waiving and the consequences of his guilty plea, McCloud's plea was made intelligently and voluntarily, and there was a factual basis for the plea. See Uniform Superior Court Rules 33.7 (determining whether any promises, force, or threats were used to obtain the plea); 33.8 (ensuring defendant knows the nature of the charges and informing him of rights he waives by pleading guilty); 33.9 (ensuring there is a factual basis for the plea). McCloud's contentions to the contrary are without merit. Viewing the record as a whole, we find the trial court did not err in accepting McCloud's guilty plea. *Moore v. State*, 225 Ga. App. 860, 860-861 (1) (485 SE2d 552) (1997); *Johns v. State*, 223 Ga. App. 553, 554 (1) (479 SE2d 388) (1996).

*Judgment affirmed. Smith, P. J., and Adams, J., concur.*

DECIDED MARCH 30, 2005.

*Moore, Tyndall & Castellow, Wesley J. Lewis*, for appellant.
*J. David Miller, District Attorney, Brian A. McDaniel, Assistant District Attorney*, for appellee.

---

[1] McCloud does not contend the court's sentence varied from the State's recommendation. The State's recommended sentence is not in the record.