**SECOND DIVISION**
**BARNES, P. J.,**
**MILLER, and RAY, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules/**

**July 1, 2013**

# In the Court of Appeals of Georgia

A13A0320. SMITH v. THE STATE.

BARNES, Presiding Judge.

James Vernard Smith was charged by accusation in 2006 with possession of cocaine with the intent to distribute and unlawful possession of lidocaine, a dangerous drug. On October 11, 2007, he entered into a negotiated plea of guilty to the lesser included offense of possession of cocaine and was sentenced to six years of probation and intensive probation supervision. At the plea hearing, the State relayed that Smith had a prior felony conviction from 1990 for burglary, a 1991 misdemeanor shoplifting conviction and two driving with suspended license convictions from 1998 and 2000. Smith's attorney asked that, since "there's never been a prior drug offense," the trial court sentence Smith under OCGA § 16-13-2, which authorizes a conditional discharge for first offenders, and the State responded that it did not object.

After finding an adequate factual basis for the guilty plea, the trial court instructed Smith as follows:

> One of the things that we've talked about is whether or not you would enter a plea as what we call a conditional release as a first offender . . . . You understand that if the Court sentences you as a first offender under this particular statute[,]when you finish your probation you'll be discharged without a conviction . . . . Do you wish the Court to sentence you as a first offender?

Smith responded in the affirmative, and was sentenced to six years of probation under OCGA § 16-13-2.

On October 3, 2011, a warrant was issued for Smith's arrest for violation of his probation for allegedly committing certain crimes on September 8, 2011 and September 30, 2011, including entering an automobile, possession of a schedule IV substance, drugs not in an original container, possession of tools for the commission of a crime, suspended license, suspended or revoked registration, and alteration of license plates. At the probation revocation hearing on February 9, 2012, the trial court found Smith guilty by a preponderance of the evidence of entering an automobile, possession of tools for the commission of a crime, and driving with a suspended license, but deferred disposition until a later time.

Smith filed a motion to withdraw his guilty plea on February 16, 2012, alleging that the October 2007 possession of cocaine sentence was "illegal" because of a previous March 14, 1996 conviction for Violation of the Georgia Controlled Substance Act ("VGCSA").[1] On February 22, 2012, Smith also filed a motion to set aside his sentence in which he again alleged that the October 2007 sentence was an illegal sentence and asserted that it was not authorized under OCGA § 16-13-2 because of his prior March 1996 felony sentence for VGCSA.

At the March 2012 hearing on his motions, Smith contended that he had a right as a matter of law to withdraw his October 2007 guilty plea for two reasons. First, he contended that his sentence was invalid because he was not eligible for first offender status under OCGA § 16-13-2 given his prior VGCSA conviction. Second, he contended that his sentence was invalid because his six-year sentence exceeded the statutory maximum of five years.

The trial court denied Smith's motion to withdraw his guilty plea and motion to set aside his sentence. It also adjudicated Smith guilty of the October 2007

---

[1] Smith disclosed that on March 14, 1996 he was found guilty of possession of marijuana with intent to distribute and criminal trespass. The record demonstrates that Smith was charged and convicted under the name James "Bernard" Smith, rather than James "Vernard" Smith, as in the present case.

possession of cocaine, revoked his probation and sentenced him to 20 years, to serve the first six years in confinement. Smith was given credit toward the probationary term of his sentence for the time he spent on probation from his original sentence date of October 11, 2007 and credit for time served in confinement since the February revocation hearing.

1. Smith first contends that the trial court erred by denying his motion to withdraw his guilty plea because the original sentence imposed was void. He contends that the October 11, 2007 sentence was void because he was not eligible for sentencing under OCGA § 16-13-2 because of a prior felony conviction for VGCSA for possession of marijuana with the intent to distribute, and that the sentence was void because it imposed a six-year probationary period when OCGA § 16-13-2 (c) provides that the sentence cannot exceed five years.

(a) We consider first Smith's contention that the sentence was void because of his ineligibility to be sentenced under OCGA § 16-13-2 (a) because of a prior felony conviction for VGCSA. [2]

---

[2] OCGA § 16-13-2 (a) provides:
> Whenever any person who has not previously been convicted of any offense under Article 2 or Article 3 of this chapter or of any statute of the United States or of any state relating to narcotic drugs, marijuana,

As a rule, a defendant has an absolute right to withdraw his plea before sentence is pronounced. Since a void sentence is the same as no sentence at all, the defendant stands in the position as if he had pled guilty and not been sentenced, and so may withdraw his guilty plea as of right before resentencing, even following the expiration of the term of court in which the void sentence was pronounced.

---

or stimulant, depressant, or hallucinogenic drugs, pleads guilty to or is found guilty of possession of a narcotic drug, marijuana, or stimulant, depressant, or hallucinogenic drug, the court may without entering a judgment of guilt and with the consent of such person defer further proceedings and place him on probation upon such reasonable terms and conditions as the court may require, preferably terms which require the person to undergo a comprehensive rehabilitation program, including, if necessary, medical treatment, not to exceed three years, designed to acquaint him with the ill effects of drug abuse and to provide him with knowledge of the gains and benefits which can be achieved by being a good member of society. Upon violation of a term or condition, the court may enter an adjudication of guilt and proceed accordingly. Upon fulfillment of the terms and conditions, the court shall discharge the person and dismiss the proceedings against him. Discharge and dismissal under this Code section shall be without court adjudication of guilt and shall not be deemed a conviction for purposes of this Code section or for purposes of disqualifications or disabilities imposed by law upon conviction of a crime. Discharge and dismissal under this Code section may occur only once with respect to any person.

(Citations and punctuation omitted.) *Hallford v. State*, 289 Ga. App. 350, 351 (1) (657 SE2d 10) (2008); OCGA § 17-7-93 (b), (a defendant may withdraw his plea as a matter of right "any time before judgment is pronounced.")

Regarding Smith's contention that his sentence is void because he was ineligible to be sentenced under the conditional discharge provision of OCGA § 16-13-2, we have found in similar circumstances where the defendant has failed to disclose a disqualifying prior conviction before being sentenced as a first offender, that defrauding the court as to eligibility for these special sentencing provisions acts as a waiver on appeal. *McFadden v. State*, 243 Ga. App. 896, 898 (2) (534 SE2d 566) (2000) (evidence of a prior out-of-state felony conviction for a drug offense established that defendant had defrauded the court in testifying that he had no such conviction, and thus defendant waived any right to complain on appeal of error resulting from his own misconduct); *Cunningham v. State*, 239 Ga. App. 889, 890-891 (1) (522 SE2d 480) (2000); *Johns v. State*, 223 Ga. App. 553, 554 (2) (479 SE2d 388) (1996).

Similarly here, Smith was aware that he was ineligible under OCGA § 16-13-2 for conditional discharge as a first offender; a fact that he kept hidden until he faced sentencing after his probation revocation adjudication. At that point, he

6

disingenuously recalled his prior felony conviction for VGCSA which made him ineligible for the conditional discharge provisions of OCGA § 16-13-2, and thus asserted that the ensuing sentence was void. Accordingly, as Smith knowingly defrauded the trial court by assenting to his eligibility for sentencing under OCGA § 16-13-2, he cannot request relief from error that his misconduct caused.

(b) Smith also contends that his October 2007 sentence was void because his six-year probation sentence exceeded the maximum sentence of five years pursuant to OCGA § 16-13-2 (c), and thus he had an absolute right to withdraw his guilty plea.[3] Pretermitting whether Smith's six-year probationary sentence was void because it exceeded the statutory period, the conditional sentence was revoked before the six-year probationary period expired, and he was resentenced. Thus, his assertion in this regard is moot.

2. The State concedes that the trial court erred in sentencing Smith to a 20-year sentence for possession of cocaine after his adjudication of guilty. The applicable version of OCGA § 16-13-30 (e) provides for a maximum penalty of fifteen years.

---

[3] OCGA § 16-13-2 (c) provides that the probated sentence under the conditional discharge provisions of OCGA § 16-13-2 "may be for a period of up to five years."

Thus, as the trial erred in sentencing Smith to 20 years for possession of cocaine, we vacate Smith's sentence and remand the case for resentencing in accordance with OCGA § 16-13-30 (e).

*Judgment affirmed, sentence vacated, and case remanded for resentencing. Miller and Ray, JJ., concur.*