A05A1696. ISAAC v. THE STATE.
(620 SE2d 182)

PHIPPS, Judge.

Benjamin Isaac was charged with three counts of armed robbery and one count of possession of a firearm during the commission of a crime. After the jury was struck, Isaac entered a nonnegotiated guilty plea and was given three concurrent fifteen-year sentences on the armed robbery charges and a consecutive five-year sentence on the firearm possession charge. Over a year later, the trial court granted Isaac's motion for an out-of-time appeal of his convictions. Isaac claims that he entered the guilty plea involuntarily. Because the record shows otherwise, we affirm.

"[A] direct appeal from a judgment of conviction and sentence entered on a guilty plea . . . may only be considered to the extent the issues on appeal can be resolved by reference to facts on the existing

record."[1] Once the question of the validity of a guilty plea has been raised, the state nonetheless bears the burden to show that the plea was intelligently and voluntarily entered.[2]

> The State may accomplish this end by two means, (1) showing on the record of the guilty plea hearing that the defendant was cognizant of all the rights he was waiving and the possible consequences of his plea; or (2) fill a silent record by use of extrinsic evidence that affirmatively shows that the guilty plea was knowing and voluntary.[3]

At trial, defense counsel stated that Isaac wanted to address the court before entering a negotiated guilty plea. But without expressing any willingness to enter a guilty plea, Isaac suggested that he was being asked to plead guilty to something he had not done, complained of his attorney's representation of him, and asked for another lawyer. Isaac also remarked that he had asked his attorney to request a bench trial rather than a jury trial. Upon being questioned by the court, however, Isaac admitted that his attorney had informed him that the court had agreed to hold a bench trial. The court found no indication that Isaac's lawyer was representing him in an ineffective manner and refused to appoint another attorney to represent him.

Isaac then informed the court that he would rather plead guilty than be tried before a jury. The court refused to accept the plea and ordered the trial to proceed forthwith, noting for the record that Isaac had attempted an escape within the previous hour. After an off-the-record discussion with defense counsel, the court agreed to consider accepting entry of a nonnegotiated guilty plea. Counsel thereupon detailed the full advice he had given Isaac as to the consequences of entering a nonnegotiated guilty plea, and Isaac affirmed that he had been given such advice. The court then elicited testimony from Isaac showing that he had the mental capacity to enter the plea, that he was doing so voluntarily, that he had discussed the facts of the case with his attorney, and that he was fully aware of the rights he was waiving. Isaac further assured the court that he was, in fact, satisfied with his attorney's services and guilty of the offenses charged. The court then accepted the plea, finding that it was "freely, voluntarily, knowingly and understandingly made and entered." The record fully supports that finding.

*Judgment affirmed. Andrews, P. J., and Mikell, J., concur.*

---

[1] *Lewis v. State*, 266 Ga. App. 812, 813 (598 SE2d 90) (2004) (punctuation and footnote omitted).

[2] *White v. State*, 211 Ga. App. 779 (440 SE2d 527) (1994).

[3] Id. (citation and punctuation omitted).

DECIDED AUGUST 2, 2005 —
RECONSIDERATION DENIED AUGUST 30, 2005 —

*Billy M. Grantham*, for appellant.

Benjamin Isaac, *pro se.*

*J. Brown Moseley, District Attorney, Richard L. Parker, Michael T. Garrett, Assistant District Attorneys*, for appellee.