### A90A1291. COVINGTON v. THE STATE.
(396 SE2d 298)

McMurray, Presiding Judge.

Defendant Covington was charged with the offense of armed robbery. Thereafter, represented by counsel, defendant appeared in court and entered a negotiated guilty plea. At that time, in accordance with the agreement reached between the prosecutor and defense counsel, the prosecutor recommended defendant be sentenced to a term of 20 years, of which 10 years was to be served in confinement. In so doing, the prosecutor added: "Mr. Covington has asked whether or not your Honor is going to run that consecutive or concurrent with his Federal sentence. I told Mr. Covington and Mr. Snead [defense counsel] you would decide." Defense counsel did not take issue with the prosecutor's statement.

When the judge announced that he would sentence defendant to 20 years, 10 to serve, and that that sentence would be consecutive to the federal sentence defendant was serving, defense counsel orally moved to withdraw defendant's plea, stating: "Judge, our plea bargain was entered, correct me if I'm wrong, that this sentence would not necessarily follow the four years which he's already been sentenced to. . . ." The prosecutor responded: "Judge, my recommendation was 20 serve 10, with the issue of concurrent or consecutive left up to the Court. I think that's the recommendation I announced." Thereupon, the judge denied defendant's motion to withdraw his plea: "I don't have to offer him an offer to withdraw his plea then because I've taken your recommendation."

Subsequently, defendant filed a written motion to withdraw his plea alleging an "obvious misunderstanding between Defendant's Attorney and the District Attorney in regard to whether the sentence was to run consecutive or concurrent." Following a hearing, the judge denied defendant's motion to withdraw his plea. This appeal followed. *Held*:

Once sentence is orally pronounced by the judge, a defendant's statutory right to withdraw a guilty plea disappears. *Coleman v. State*, 256 Ga. 77, 78 (1) (343 SE2d 695) (1986); *State v. Germany*, 246 Ga. 455 (271 SE2d 851) (1980). At that point, a guilty plea may be withdrawn only upon the exercise of the judge's discretion. As it is said: "After pronouncement of sentence, a ruling on a motion to withdraw a plea of guilty is within the discretion of the trial court and will not be disturbed on appeal absent a manifest abuse of such discretion. *Crump v. State*, 154 Ga. App. 359, 360 (268 SE2d 411) (1980)."

*Betancourt v. State*, 177 Ga. App. 738, 740 (341 SE2d 239) (1986).

We find no abuse of discretion in this case. It is clear that sentence was imposed in accordance with the agreement reached between the prosecutor and defendant. When the prosecutor set forth the agreement, neither defendant nor his counsel inserted a requirement that the sentence be concurrent. Defense counsel himself recognized that the concurrent/consecutive aspect of the sentence would be left up to the court when he acknowledged that under the agreement the sentence would not "necessarily" follow the federal sentence defendant was serving.

*Judgment affirmed. Carley, C. J., and Sognier, J., concur.*

DECIDED JULY 12, 1990 —
REHEARING DENIED JULY 23, 1990 — CERT. APPLIED FOR.

*Alden W. Snead, J. M. Raffauf*, for appellant.
*Frank C. Winn, District Attorney, William H. McClain, David J. McDade, Assistant District Attorneys*, for appellee.