## A02A1063. HARPE v. THE STATE.
### (562 SE2d 521)

ELDRIDGE, Judge.

Defendant Nathaniel A. Harpe entered nonnegotiated pleas of guilty under *North Carolina v. Alford*, 400 U. S. 25 (91 SC 160, 27 LE2d 162) (1970), upon two indictments charging him with three counts of armed robbery, one count of kidnapping, and two counts of false imprisonment. As to a third nonnegotiated indictment, he entered routine guilty pleas upon single additional counts of each offense. The Gwinnett County Superior Court sentenced him concurrently[1] to 40 years confinement to serve 25 years. The defendant, pro se, appeals from the superior court's denial of his motion to withdraw his guilty pleas, contending that his guilty pleas were not voluntarily and intelligently entered for the ineffectiveness of appointed trial defense counsel in that counsel erroneously advised him that an *Alford* plea was an "innocent plea" and promised him a minimum sentence of ten years if he entered such pleas in lieu of demanding a jury trial. Further, the defendant contends that the superior court erred in advising him he could not withdraw his guilty pleas as a matter of right; erred by failing to reconcile his pleas of guilty under *Alford* and his claims of innocence; and abused its discretion by "question[ing]" him at its hearing upon his motions to withdraw his guilty pleas and, at the conclusion thereof, by "stat[ing] that [trial defense counsel] provided more than effective information." Finding these claims of error to be without merit, we affirm. *Held*:

1. *Strickland v. Washington*, 466 U. S. 668, 687 (104 SC 2052, 80 LE2d 674) (1984), is applicable to guilty pleas challenged on the basis of ineffective assistance of counsel.

> To prevail, a defendant must show that his counsel's performance fell below an objective standard of reasonableness and that there is a reasonable probability that, in the

---

[1] The superior court further provided that its sentence was to run concurrent to the DeKalb County sentence the defendant was then serving on a robbery conviction and gave the defendant credit for time served.

absence of his attorney's errors, he would not have pled guilty and would have insisted on going to trial. [*Hill v. Lockhart*, 474 U. S. 52, 57-59 (106 SC 366, 88 LE2d 203) (1985).]

*Crabbe v. State*, 248 Ga. App. 314, 315 (546 SE2d 65) (2001).

At the hearing on his motion to withdraw plea, trial defense counsel testified that he advised the defendant an *Alford* plea was a plea by which the defendant could plead guilty while maintaining his innocence in order to avoid what he believed might be a harsher sentence in the event of conviction at a jury trial. In further testimony, defendant's claims to the contrary notwithstanding, trial counsel denied telling the defendant that an *Alford* plea was an "innocent plea," that, in effect, it was a "not guilty" plea, and denied promising the defendant any minimum sentence upon the entry of such pleas. Moreover, the defendant's testimony in support of his motion was not inconsistent with trial counsel's testimony as to the *Alford* rights advisement he had given the defendant and the nature of a guilty plea as nonnegotiated. In particular, after consulting with counsel, the defendant affirmatively stated on the record that he wished to enter a traditional guilty plea as to one of the indictments against him and *Alford* pleas as to the other two. Thereafter, the superior court asked the defendant:

> Then as I understand it, Mr. Harpe, you understand what evidence the State could present to a jury, and you talked to [counsel] about that, and therefore you believe that there is some likelihood that a jury might convict you, you believe that it's in your best interest to go ahead and plead pursuant to *Alford* . . . on [indictment nos.] 2313 and 2314?

The defendant responded, "Yes, ma'am." Further questioned by the superior court on his motion, the defendant testified that though he understood his *Alford* pleas to be pleas of innocence, he had *not* entered them upon the belief that a jury trial would follow. His testimony on direct examination indicated that he believed the outcome would be leniency as to sentence, i.e., "[a] reasonable sentence or, you know, probation or something." In another exchange with the superior court, the defendant conceded that he knew there was no limitation on sentence, acknowledging that the superior court had told him that sentencing on his nonnegotiated pleas was "totally in [her] ballpark."

> *Alford* . . . permit[s] a criminal defendant to plead guilty while claiming to be innocent, where the defendant intelligently concludes that it is in his best interest to enter

such a plea, but the plea is one of guilt and may be accepted only if the court determines there is a factual basis for a determination of guilt.

(Citations omitted.) *Thompson v. State*, 237 Ga. App. 466, 468 (2) (517 SE2d 339) (1999). Upon our review of the evidence, we find, as the superior court did, that the defendant was afforded effective assistance of counsel. The defendant failed to show that trial defense counsel provided him deficient advice as to his *Alford* pleas or that counsel provided him erroneous advice as to any limitation on sentence. *Strickland v. Washington*, supra; *Crabbe v. State*, supra. See *Roberts v. State*, 229 Ga. App. 783, 784 (494 SE2d 689) (1997) ("A trial court's finding that a defendant has been afforded effective assistance of counsel must be upheld unless that finding is clearly erroneous. [Cit.]") (punctuation omitted). See also *Hilliard v. J. C. Bradford & Co.*, 229 Ga. App. 336, 341 (2) (494 SE2d 38) (1997) (on appeal, questions of fact not clearly erroneous accepted but questions of law decided de novo). Accordingly, this claim of error is without merit.

2. Neither did the superior court err by advising the defendant that he could not withdraw his guilty pleas as a matter of right. The defendant's statutory right to withdraw his guilty plea was lost when the superior court announced its sentence, the defendant having not sought to withdraw his guilty pleas before his sentence was pronounced. *Bice v. State*, 212 Ga. App. 184 (1) (441 SE2d 507) (1994) (nonnegotiated plea); *Covington v. State*, 196 Ga. App. 498 (396 SE2d 298) (1990) (negotiated plea). "After pronouncement of sentence, a ruling on a motion to withdraw a plea of guilty is within the discretion of the trial court and will not be disturbed on appeal absent a manifest abuse of discretion." (Citations and punctuation omitted.) Id. No abuse of discretion obtains in this case.

3. Defendant's claim that the superior court erred in accepting his *Alford* pleas for its failure to resolve the conflict between such pleas of guilty and his protestations of innocence is likewise without merit. At defendant's plea hearing, the prosecutor, without objection, summarized the indictments to provide the court with the factual basis for the defendant's guilty pleas. As to his *Alford* pleas, the defendant affirmed that he was entering them upon charges as summarized by the prosecutor because it was in his best interest to do so.

The prosecutor's summary of the indictments against the defendant "provided ample information from which the trial court could discern that the facts alleged by the [S]tate actually satisfied the elements of the charges to which [the defendant] was pleading guilty." *Green v. State*, 265 Ga. 263, 265 (2) (454 SE2d 466) (1995). Consequently, the superior court did not err in accepting the defend-

ant's *Alford* pleas for want of a factual basis. *Ellis v. State*, 243 Ga. App. 431, 432 (533 SE2d 451) (2000). That the superior court otherwise properly determined that such pleas were voluntarily and intelligently entered, see Division 1, the superior court properly accepted them.

4. Finally, the defendant claims the superior court erred in questioning him at its hearing on his motion to withdraw pleas and in finding that trial defense counsel "provided [him] more than ample information." Having invoked the jurisdiction of the superior court by filing his motion to withdraw guilty pleas predicated upon his claim of ineffective assistance of counsel, the defendant cannot complain that the superior court erred by questioning him or by finding as fact that trial defense counsel provided him "ample" information upon which to enter his *Alford* pleas. "The judges of the superior courts have authority . . . to exercise all . . . powers necessarily appertaining to their jurisdiction or which may be granted them by law." OCGA § 15-6-9 (8). This claim of error is likewise without merit.

*Judgment affirmed. Smith, P. J., and Ellington, J., concur.*

DECIDED MARCH 26, 2002 — 

Nathaniel A. Harpe, *pro se.*

*Daniel J. Porter, District Attorney, Jennifer Kolman, Assistant District Attorney,* for appellee.