A04A2218. PORTER v. THE STATE.
(608 SE2d 315)

MILLER, Judge.

Jan Porter appeals from his convictions for aggravated child molestation and child molestation. On appeal he contends that (1) the evidence was insufficient to show venue and to show that the alleged molestation took place within the applicable statute of limitation, and (2) the trial court erroneously allowed an incriminating letter to go out with the jury over Porter's continuing witness objection. We discern no error and affirm.

Viewed in the light most favorable to the verdict, the evidence showed that Porter molested the ten-year-old victim while babysitting at her home in Newton County. Porter had known the victim for two or three years. The child told her father about the molestation in December 2001, and Porter was arrested.

At trial, the victim testified regarding the molestation, and the court allowed two other children to testify about being molested by Porter as evidence of similar transactions. Another witness testified that Porter admitted to him that he had molested all three of the victims, and the witness repeated the details of these molestations. Porter admitted in his statement to police that he had touched the victim, but explained that it must have occurred by accident. A letter written by Porter to his ex-wife was also read to the jury in which he admitted that he "must have . . . messed with" one of the similar transaction victims in his bedroom. This letter went out with the jury over Porter's continuing witness objection. Porter was convicted of aggravated child molestation and child molestation, and he now appeals.

---

[16] (Citations omitted.) *Canal Ins. Co. v. Savannah Bank &c. Co.*, 181 Ga. App. 520, 522 (3) (352 SE2d 835) (1987).

1. Porter argues that the evidence was insufficient to show venue in Newton County and to show that the alleged molestation took place within the applicable statute of limitation. We disagree.

On appeal from a criminal conviction, we view the evidence in the light most favorable to the verdict, and the defendant no longer enjoys the presumption of innocence. *Short v. State*, 234 Ga. App. 633, 634 (1) (507 SE2d 514) (1998). We do not weigh the evidence or determine witness credibility, but only determine if the evidence was sufficient for a rational trier of fact to find the defendant guilty of the charged offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); see also *Allen v. State*, 277 Ga. 711, 712 (2) (593 SE2d 662) (2004) (State must prove venue beyond a reasonable doubt).

Here, the victim testified that the molestation occurred at her old home, which was located in Newton County. In addition, the under-age victim reported the molestation in December 2001, and the seven-year statute of limitation therefore did not even *begin* to run until that time. See OCGA §§ 17-3-1 (c); 17-3-2.1 (a). Even if this had not been the case, the exact date when the molestation occurred was not a material allegation in the indictment. Thus Porter's own statement that he had only known the victim for two or three years would have been sufficient to show that the molestation took place at some time within the seven-year statute of limitation. See *Wallace v. State*, 253 Ga. App. 220, 221 (1) (a) (558 SE2d 773) (2002).

2. Porter claims that the trial court erred in allowing a letter to his ex-wife regarding his alleged molestation of one of the victims to go out with the jury over his continuing witness objection. We disagree.

> In Georgia the "continuing witness" objection is based on the notion that written *testimony* is heard by the jury when read from the witness stand just as oral testimony is heard when given from the witness stand. But, it is unfair and places undue emphasis on written testimony for the writing to go out with the jury to be read again during deliberations, while oral testimony is received but once.

(Citations and punctuation omitted; emphasis supplied.) *Hinton v. State*, 233 Ga. App. 213 (1) (504 SE2d 49) (1998).

The letter here was not testimony and therefore was not subject to a continuing witness objection. See *Vinyard v. State*, 177 Ga. App. 188, 189-191 (1) (338 SE2d 766) (1985). It was instead documentary evidence submitted in support of the similar transactions that the State introduced against Porter. Porter's continuing witness objection was not properly tailored to the nature of the evidence to which

he was objecting. The letter was properly admitted into evidence, and "Georgia law permits letters admitted into evidence to go out with the jury." (Citations omitted.) *Moore v. State*, 191 Ga. App. 911, 913 (3) (383 SE2d 355) (1989). Porter's argument to the contrary is without merit.

*Judgment affirmed. Andrews, P. J., and Ellington, J., concur.*

DECIDED DECEMBER 10, 2004.

*John T. Strauss*, for appellant.

*W. Kendall Wynne, Jr., District Attorney, Layla V. Hinton, Assistant District Attorney*, for appellee.