### S06A0425. HARDEN v. JOHNSON.
(629 SE2d 259)

HUNSTEIN, Presiding Justice.

Appellant Howard Harden pled guilty to aggravated assault, false imprisonment, burglary, theft by taking, and possession of a firearm during the commission of a felony and was sentenced to 15 years in prison. He subsequently filed a petition for writ of habeas corpus, alleging, inter alia, that his trial counsel was ineffective for failing to adequately investigate the case, failing to meet with appellant, coercing appellant to enter a guilty plea, and failing to file a petition for sentence review.[1] After an evidentiary hearing at which appellant testified, the habeas court denied relief. We granted appellant's application for certificate of probable cause to determine whether in denying habeas relief the court erred in relying on unsworn statements appellant made at his plea hearing to discredit his sworn testimony at the habeas corpus hearing. For the reasons that follow, we reverse and remand to the habeas court with direction.

Pretermitting the issue upon which the certificate of probable cause to appeal was granted, we find that the habeas court's order must be reversed because the habeas court's reliance on Harden's statements of satisfaction with trial counsel, whether sworn or unsworn, was erroneous, as such statements are not relevant to a determination of an ineffective assistance claim. The United States Supreme Court established the test for reviewing claims of ineffective assistance of counsel in the context of a guilty plea in *Hill v. Lockhart,* 474 U. S. 52 (106 SC 366, 88 LE2d 203) (1985), holding that a defendant who pleads guilty and seeks to overturn his conviction because of counsel's errors must show both that counsel's performance was deficient and "that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." (Footnote omitted.) Id. at 59. *Smith v. Williams,* 277 Ga. 778 (1) (596 SE2d 112) (2004). In reviewing counsel's performance, the focus

---

[1] As evidence of ineffective assistance of counsel, appellant testified that trial counsel met with him for the first time on the day before his plea hearing, and the meeting lasted for ten minutes. Counsel did not give appellant information about his case or the evidence against him, and he did not allow appellant to review his file before entering the guilty plea.

is not the accused's evaluation of his counsel's performance; instead, the focus is whether there has been a true adversarial process with the accused's counsel acting as a reasonably effective advocate for the accused. Accordingly, in evaluating an ineffective assistance claim, no weight is attached to the accused's expression of satisfaction or dissatisfaction with counsel. [Cit.]

*Grace v. State*, 262 Ga. 485, 486 (422 SE2d 176) (1992). See *United States v. Cronic*, 466 U. S. 648, 657, n. 21 (104 SC 2039, 80 LE2d 657) (1984).

After reviewing the entire record, it is clear that the habeas court, in concluding that appellant failed to prove ineffective assistance of counsel, focused entirely on appellant's statements of satisfaction with counsel's representation and his failure to make any complaint regarding such representation at the time of sentencing.[2] Because that evidence is not relevant in determining an ineffective assistance claim and is not entitled to any more weight than Harden's current expression of dissatisfaction with trial counsel's performance, we reverse and remand to the habeas court for reconsideration of appellant's claims under the standard enunciated in *Hill* without giving any consideration to evidence that is irrelevant to the determination of that claim. *Hill*, supra, 474 U. S. at 58-59.

*Judgment reversed and appeal remanded. All the Justices concur.*

DECIDED APRIL 25, 2006.

Howard Harden, *pro se.*
*Thurbert E. Baker, Attorney General, Chad E. Jacobs, Edwina M. Watkins, Assistant Attorneys General,* for appellee.
*Sarah L. Gerwig-Moore,* amicus curiae.

---

[2] The habeas court's only findings with regard to counsel's performance were that appellant "was afforded the opportunity to advise the court of any dissatisfaction he had with [trial counsel's] representation, and [he] failed to make any such complaint" and that appellant "responded in the affirmative when asked whether he was satisfied with [counsel's] representation." From these findings, the habeas court concluded that appellant failed to prove that he was denied effective assistance of counsel.