S08A0172. GARRETT v. THE STATE.
(663 SE2d 153)

MELTON, Justice.

On January 7, 1993, Joe Perry Garrett pled guilty to one count of possession of a controlled substance with intent to distribute based on police officers finding seven grams of crack cocaine in his car. In February 2003, Garrett, now a federal inmate, filed a petition for writ of habeas corpus, contending ineffectiveness of his trial counsel with respect to his negotiated plea. Specifically, Garrett contended that, during plea negotiations, he was erroneously told by his attorney that even though the drugs found in Garrett's car were not his and were admittedly left in the car by his co-defendant, Garrett would still be found guilty of possession of cocaine with the intent to distribute if he went to trial. Garrett argued that he would have insisted on going to trial if he had not been given this erroneous advice. The habeas court heard the case in December 2006, and on April 20, 2007, the habeas court denied Garrett's petition. Garrett filed a timely notice of appeal and an application for a certificate of probable cause, and this Court granted the application for a certificate of probable cause to determine whether the habeas court erred in denying Garrett habeas relief. For the reasons that follow, we reverse.

> [A] defendant who pleads guilty and seeks to overturn his conviction because of counsel's errors must show both that counsel's performance was deficient and that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.

(Citations and punctuation omitted.) *Harden v. Johnson*, 280 Ga. 464 (629 SE2d 259) (2006). See also *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984). In reviewing the trial

court's decision, " '[w]e accept the trial court's factual findings and credibility determinations unless clearly erroneous, but we independently apply the legal principles to the facts.' [Cit.]" *Robinson v. State*, 277 Ga. 75, 76 (586 SE2d 313) (2003).

Here, Garrett submitted an affidavit to the habeas court, asserting that his trial counsel misinformed him that he could be found guilty of possession of a controlled substance "just because . . . drugs were found in [his] car."[1] See, e.g., *Shirley v. State*, 166 Ga. App. 456 (1) (304 SE2d 468) (1983) (evidence insufficient to sustain conviction for possession of controlled substance where defendant had no knowledge that drugs were in co-defendant's car). Garrett further swore in his affidavit that he would not have pleaded guilty if he had not received this erroneous legal advice from his attorney.

In its order, the habeas court does not make any finding regarding the credibility of Garrett's affidavit, stating only that the guilty plea transcript "indicate[s] that [Garrett] talked to his attorney about the case and the plea that he was about to enter and that he was satisfied with the services of his lawyer as rendered." These facts cited by the habeas court, however, do not support the court's conclusion that Garrett "has failed to overcome the strong presumption that [his attorney's] performance falls within the wide range of reasonable professional assistance and [that his trial counsel's actions] cons[tituted] sound trial strategy." Indeed,

> [i]n reviewing counsel's performance, the focus is not the accused's evaluation of his counsel's performance; instead, the focus is whether there has been a true adversarial process with the accused's counsel acting as a reasonably effective advocate for the accused. Accordingly, in evaluating an ineffective assistance claim, no weight is attached to the accused's expression of satisfaction or dissatisfaction with counsel.

(Citations omitted.) *Harden v. Johnson*, 280 Ga. 464 (629 SE2d 259) (2006). Moreover, because the only evidence of record indicates that Garrett's counsel gave him erroneous advice that adversely affected his decision about going to trial, the habeas court's finding that Garrett "talked to his attorney about the case and the plea" does nothing to refute Garrett's version of events. Without a finding that Garrett's counsel gave proper advice to Garrett or that Garrett's version of events lacked credibility, we cannot say that evidence supports the conclusion that trial counsel's performance was not

---

[1] Garrett's former counsel did not testify at the habeas hearing.

deficient. Indeed, if Garrett accepted the plea and decided not to go to trial only because of the erroneous legal advice of his attorney, Garrett has satisfied his burden of showing both deficient performance of his counsel and a reasonable probability that he would have insisted upon going to trial but for counsel's errors. See *Heyward v. Humphrey*, 277 Ga. 565 (592 SE2d 660) (2004). Thus, we have no basis for upholding the habeas court's conclusion that Garrett's attorney rendered effective assistance. See id. We therefore reverse the decision of the habeas court denying Garrett habeas relief.

*Judgment reversed. All the Justices concur.*

DECIDED JUNE 30, 2008.

Joe P. Garrett, *pro se.*
*Spencer Lawton, Jr., District Attorney, Jennifer P. Guyer, Assistant District Attorney*, for appellee.