### A09A1219. NAVARRETTE v. THE STATE.
(680 SE2d 649)

MIKELL, Judge.

Following his indictment on numerous offenses, including two counts of trafficking in methamphetamine, William Alexander Navarrette entered a negotiated guilty plea to possession of methamphetamine with intent to distribute and possession of a firearm during commission of a crime. The trial court sentenced him to a total of fifteen years, with ten to serve in confinement. Following sentencing, Navarrette retained new counsel and filed a motion to withdraw his guilty plea, claiming that his plea was not freely and voluntarily entered. Navarrette also filed a motion for new trial, claiming that he received ineffective assistance of counsel and that he was denied counsel in violation of his rights under the Sixth Amendment to the United States Constitution. The claim was not asserted against plea counsel but rather, against an attorney whom he retained for a short time before the plea hearing. The trial court denied the motions after a hearing. On appeal, Navarrette raises only the grounds asserted in his motion for new trial. We affirm.

"After sentence is pronounced, withdrawal of a guilty plea is allowed only to correct a manifest injustice."[1] Where, as in the case at bar, the defendant raises only an ineffective assistance of counsel claim, he bears the burden of showing that his attorney's performance was deficient and that, but for counsel's errors, there is a reasonable probability that he would have insisted on a trial instead of entering a plea.[2] A court need not address both the deficient performance and prejudice prongs of this test if the showing on one prong is insufficient.[3] "In reviewing a lower court's determination of a claim of ineffective assistance of counsel, we give deference to the trial court's factual findings, which are upheld on appeal unless clearly erroneous; however, we review the lower court's legal conclusions de novo."[4]

The record in the case at bar, including the transcripts of the

---

[1] (Citation, punctuation and footnote omitted.) *McDowell v. State*, 282 Ga. App. 754, 755 (639 SE2d 644) (2006).

[2] *Harden v. Johnson*, 280 Ga. 464 (629 SE2d 259) (2006).

[3] *Hart v. State*, 272 Ga. App. 754, 757 (2) (613 SE2d 107) (2005).

[4] (Citation omitted.) *Washington v. State*, 276 Ga. 655, 658 (3) (581 SE2d 518) (2003).

plea hearing and the withdrawal hearing, reveal that Navarrette was indicted on February 29, 2008, and that Randall Schonder, a public defender, began representing him on April 2. On April 22, Schonder filed a waiver of arraignment, a plea of not guilty, and a request for discovery. A notice of trial was issued for July 3. A second notice of trial was issued for September 4, and a third notice of trial was issued for November 21. Schonder appeared on Navarrette's behalf at the call of the trial calendar on November 21. Navarrette had been free on bond; he had just returned to Rome from a job in Alaska. When Schonder informed him of the state's recommendation, Navarrette indicated that he wanted to go to trial. Navarrette informed the court that he wished to retain counsel. Given that his case had been continued so that he could complete a job in Alaska and make any arrangements he wished, the trial court informed Navarrette that he would be permitted to hire an attorney but that his case would be tried during the first two weeks in December, until which time he would be held in custody.

Navarrette's family retained Stefanie E. Drake on November 25. Drake was not told that Navarrette's trial was imminent, however. Drake was informed that Navarrette had been detained for failure to appear, and she was hired to file a motion for a bond. Therefore, Drake filed a notice of appearance and a motion for bond. When she met with Navarrette at the jail on December 4, he informed her that his next court date was an arraignment and did not mention a trial date. Drake learned that trial was set for December 8 when the prosecutor contacted her after receiving her entry of appearance and bond motion.

Navarrette entered a guilty plea in open court on Monday, December 8. Drake was permitted to withdraw, and Schonder was reappointed to represent Navarrette at the hearing. The trial court inquired whether Navarrette was satisfied with the services Schonder rendered for him, and Navarrette replied, "Yes, sir."

Navarrette conceded at the withdrawal hearing that Schonder rendered effective assistance. Navarrette argued in the court below, as he does on appeal, that Drake's performance was deficient because she failed to discover the status of his case and that the deficiency prejudiced him by forcing him to accept an attorney that he did not want. Navarrette cites no precedent to support his position, and the record does not support his factual assertions.

Schonder testified that after he learned of Drake's intention to withdraw as counsel, he met with Navarrette at the jail during the weekend before the plea hearing. They discussed Navarrette's options, which included going to trial on trafficking charges, and he agreed to plead guilty to the lesser offense of possession of methamphetamine with intent to distribute. Navarrette presented no evi-

dence at the withdrawal hearing. At the conclusion of the hearing, the trial court commented that Navarrette was "trying to jerk the [c]ourt around." Based on Drake's uncontradicted testimony, the trial court found that Drake had been informed that she was being hired to represent Navarrette for a bond hearing and was never told that she was being hired for a trial. The court also found no evidence that Drake had rendered ineffective assistance.

In his appellate brief, Navarrette cites no evidence or law warranting reversal of the trial court's judgment. Although Navarrette claims that he was denied the right to counsel, we observe that a defendant's "right to counsel is not superior to the state's right to try him for the criminal offense and does not include the right to manipulate, whether consciously or capriciously, the state's attempt in good course to prosecute him for the offense."[5] The trial court did not abuse its discretion in denying Navarrette's motion to withdraw his guilty plea and did not err in finding that he failed to sustain his burden of proving that he received ineffective assistance of counsel.[6]

*Judgment affirmed. Johnson, P. J., and Ellington, J., concur.*

DECIDED JUNE 30, 2009.

*Daniel D. Morgan*, for appellant.
*Leigh E. Patterson, District Attorney, Natalee L. Staats, Assistant District Attorney*, for appellee.

---

[5] (Citation omitted.) *Mock v. State*, 163 Ga. App. 320, 322 (293 SE2d 525) (1982) (affirming a trial court's ruling that a defendant waived his right to counsel and was not entitled to a continuance).

[6] See *Norris v. State*, 277 Ga. App. 289, 293-294 (2) (626 SE2d 220) (2006).