### A10A1633. WILLIAMS v. THE STATE.
(706 SE2d 82)

MILLER, Presiding Judge.

Ezekiel Williams, Jr., entered a negotiated plea of guilty to one count of felony theft by shoplifting (OCGA § 16-8-14 (b) (3)). He now appeals from the trial court's order denying his motion to withdraw guilty plea, arguing manifest injustice arising out of claims of ineffective assistance of counsel. Discerning no error, we affirm.

Once a sentence has been entered, a guilty plea may be withdrawn "only to correct a manifest injustice." (Punctuation and footnote omitted.) *Skinner v. State*, 297 Ga. App. 828, 828-829 (678 SE2d 526) (2009). Where, as here, the defendant bases his motion to withdraw on an ineffective assistance of counsel claim, he bears the burden of showing that his attorney's performance was deficient and that, but for counsel's errors, a reasonable probability exists that he would have insisted on a trial. *Harden v. Johnson*, 280 Ga. 464 (629 SE2d 259) (2006).

> A court need not address both the deficient performance and prejudice prongs of this test if the showing on one prong is insufficient. In reviewing a lower court's determination of a claim of ineffective assistance of counsel, we give deference to the trial court's factual findings, which are upheld on appeal unless clearly erroneous; however, we review the lower court's legal conclusions de novo.

(Punctuation and footnotes omitted.) *Navarrette v. State*, 298 Ga. App. 637 (680 SE2d 649) (2009).

The record shows that on May 14, 2009, Williams pled guilty to felony shoplifting, as above, at a negotiated plea hearing upon evidence which showed that while in a Best Buy store in November 2008, he concealed two Xbox game systems, valued at more than $300, in a box which was labeled as containing other items. Upon checking out, the store's alarm went off. Police were called to the scene on the foregoing facts, and Williams' arrest followed.

On appeal, Williams appears to challenge the effectiveness of trial counsel (see *MacDonald v. MacDonald*, 156 Ga. App. 565, 566 (1) (275 SE2d 142) (1980) (enumeration of errors failing to clearly set out the errors "sought to be reviewed" shall be considered on

appeal)), because counsel failed to cause the State to dismiss the indictment, failed to seek suppression of the State's evidence for lack of an arrest warrant, and coerced him into pleading guilty by "threaten[ing] him with his past" in advising him that being tried as a recidivist would expose him to a greater sentence.

a. Williams asserts that trial counsel should have obtained the dismissal of the charges against him, presumably by successfully pursuing a motion to dismiss the same. While Williams contends that counsel was ineffective on this ground, he sets forth no legal basis in support thereof. Neither does he argue how he was harmed thereby. "A mere conclusory allegation, without more, is insufficient to establish ineffective assistance of counsel." *Mora v. State*, 295 Ga. App. 641, 647 (3) (a) (673 SE2d 23) (2009).

b. Williams claims that counsel was ineffective because he failed to challenge the State's evidence on the ground that he had been arrested without a warrant. Warrantless arrests are permissible under Georgia law where, as here, the arresting officer had probable cause to make an arrest. OCGA § 17-4-20 (a). "[T]he failure to object to what is unobjectionable is not ineffective assistance of counsel. [Cit.]" *Ethridge v. State*, 283 Ga. App. 289, 291 (2) (641 SE2d 282) (2007).

c. Williams claims that trial counsel coerced his plea of guilty by advising him that he faced a greater sentence upon being tried and convicted as a recidivist. Plainly, advising a client of mandatory sentencing upon trial as a recidivist does not constitute deficient performance of counsel. And Williams does not satisfy his burden to show deficient performance by characterizing such an advisement as a threat. *Weeks v. State*, 260 Ga. App. 129, 132 (2) (578 SE2d 910) (2003). Further, Williams testified at the plea hearing that he had not been threatened to plead guilty, that he had carefully discussed his case with trial counsel, including the charges, his defenses, and the question of whether he should accept the State's offer of a plea agreement or demand a jury trial. Under these circumstances, counsel advising Williams of his rights/concerns about a trial as a recidivist certainly does not constitute ineffective assistance of counsel. *Harden*, supra, 280 Ga. 464.

Given the foregoing, the trial court did not abuse its discretion in denying Williams' motion to withdraw his guilty plea and did not err in finding that he failed to sustain his burden of proving that he received ineffective assistance of counsel. *Navarrette*, supra, 298 Ga. App. 637; *Harden*, supra, 280 Ga. 464.

*Judgment affirmed. Phipps, P. J., and McFadden, J., concur.*

DECIDED FEBRUARY 10, 2011.

*Steven L. Sparger*, for appellant.

*Larry Chisolm, District Attorney, Ann M. Elmore, Assistant District Attorney*, for appellee.