**SECOND DIVISION**
**ANDREWS, P. J.,**
**MCFADDEN and RAY, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules/**

**October 15, 2014**

# In the Court of Appeals of Georgia

A14A1308. PHILLIPS v. THE STATE.

McFADDEN, Judge.

Billy Phillips appeals from the trial court's denial of his motion to withdraw his guilty pleas. Because the trial court did not abuse its discretion in denying the motion, we affirm.

The record shows that Phillips was indicted for multiple offenses, including aggravated assault, terroristic threats and stalking. On August 29, 2013, the trial court held a calendar call at which Phillips' retained counsel announced that they were ready for trial. The case came on for a jury trial on September 16, 2013. But before the start of jury selection, Phillips informed his attorney that he wanted to enter a guilty plea.

After Phillips had the opportunity to discuss the matter with counsel, a plea hearing was held. The state indicated that it had agreed to drop various counts of the indictment in exchange for Phillips' guilty plea to the remaining counts as a three-time recidivist. The state did not offer a sentence recommendation, although it did inform the court that during earlier plea negotiations its final offer to Phillips had been for a total sentence of 35 years, with 15 years to serve in prison. Phillips acknowledged, among other things, that he had been advised of his rights, the charges against him, the maximum possible punishment and that he was knowingly and voluntarily pleading guilty. The court accepted the pleas to multiple counts of aggravated assault, terroristic threats and family violence, and one count of stalking. The court then entered a total sentence of 45 years, with 25 of those years to be served in confinement. Approximately a week after the sentence had been entered, Phillips filed a pro se motion to withdraw his guilty pleas. Appellate counsel was appointed and later filed an amended motion to withdraw the pleas. The trial court denied the motion, and this appeal followed.

Phillips claims actual and constructive denial of counsel. Because he was represented by counsel who subjected the state's case to meaningful adversarial testing, his denial of counsel claims are without merit. And because he has failed to

show either deficient performance or prejudice, his ineffective assistance of counsel claims are likewise without merit.

1. *Denial of counsel at critical stages of criminal process*.

Phillips claims that the trial court erred in denying his motion to withdraw his guilty pleas because he was actually and constructively denied the benefit of counsel at the calendar call and at the guilty plea hearing, critical stages of the criminal process, resulting in a manifest injustice. Phillips' claim of actual denial of counsel is specious as the record plainly shows that Phillips hired an attorney who represented him at all stages of the criminal process.

The further claim of constructive denial of counsel at those specific points is likewise without merit. When there exists a complete failure of representation by counsel, prejudice to the defendant may be presumed. *Charleston v. State*, 292 Ga. 678, 682 (4) (a) (743 SE2d 1) (2013). But such a "constructive denial of counsel is not present unless counsel entirely fails to subject the prosecution's case to meaningful adversarial testing. The attorney's failure must be complete and must occur throughout the proceeding *and not merely at specific points*." *Dulcio v. State*, 292 Ga. 645, 650 (3) (a) (740 SE2d 574) (2013) (citation and punctuation omitted; emphasis supplied).

Phillips has made no showing that his retained counsel entirely failed to subject the prosecution's case to meaningful adversarial testing throughout the criminal process. On the contrary, the record shows that Phillips was actively represented by counsel who met with him to discuss the case on multiple occasions, investigated the state's evidence, interviewed witnesses, negotiated a plea agreement, filed various defense motions, and participated in the plea hearing. Accordingly, Phillips' claims "that his trial counsel failed to act as an advocate on several occasions does not meet this stringent standard [for constructive denial of counsel]." *Charleston*, supra at 683 (4) (a) (punctuation omitted).

2. *Ineffective assistance of counsel.*

Phillips contends that the trial court should have allowed him to withdraw his guilty pleas because his trial counsel was ineffective in failing to request a continuance to have more opportunities to meet with Phillips, in failing to object to irrelevant statements made by the state at sentencing, and by failing to challenge the use of his prior out-of-state and nolo contendere pleas for recidivist sentencing. The contentions are without merit.

> Once a sentence has been entered, a guilty plea may be withdrawn only to correct a manifest injustice. Where, as here, the defendant bases his motion to withdraw on an ineffective assistance of counsel claim, he

4

bears the burden of showing that his attorney's performance was deficient and that, but for counsel's errors, a reasonable probability exists that he would have insisted on a trial.

*Williams v. State*, 307 Ga. App. 780 (706 SE2d 82) (2011) (citations and punctuation omitted).

a. *Deficient performance.*

Although counsel did testify that in hindsight he would have preferred to have had more visits with Phillips, he also testified that they had multiple meetings during which he was able to adequately discuss the case with Phillips. "[T]here exists no magic amount of time which counsel must spend in actual conference with his client." *Harris v. State*, 279 Ga. 304, 307 (2) (b) (612 SE2d 789) (2005) (citations and punctuation omitted). Thus, the lack of a motion for continuance based on counsel's hindsight wish for more conferences with Phillips does not amount to deficient performance. Indeed,

hindsight has no place in an assessment of the performance of trial counsel, and when evaluating deficient performance, the proper inquiry is focused on what the lawyer did or did not do, not what he thought or did not think. The proper assessment is an inquiry into the objective reasonableness of counsel's performance, not counsel's subjective state of mind.

5

*Hartsfield v. State*, 294 Ga. 883, 888 (3) (b) (757 SE2d 90) (2014) (citations and punctuation omitted).

As for the claim that counsel should have objected to irrelevant statements at the sentencing hearing, Phillips has not identified any specific statements that should have been challenged by counsel. "Accordingly, he has failed to carry his burden [of showing deficient performance] on this ground." *Minor v. State*, ___ Ga. App. ___ (7) (a) (Case No. A14A0249, decided July 10, 2014).

Likewise, he has not identified any specific prior guilty pleas that his counsel should have objected to as improper considerations for recidivist sentencing. Even if he had identified specific prior convictions, Phillips' arguments concerning the use of out-of-state and nolo contendere pleas are without merit. The recidivism statute expressly provides that convictions under the laws of any other state may be considered, see OCGA § 17-10-7 (c), and "with respect to conviction under recidivist statutes, the law does recognize that a nolo plea can constitute proof of a prior conviction." *Spinner v. State*, 263 Ga. App. 802, 804 (589 SE2d 344) (2003) (citation omitted). Accordingly, Phillips has not shown that his trial attorney performed deficiently.

b. *Prejudice.*

6

Even if Phillips had shown deficient performance, he has not established prejudice. Phillips "did not produce any affirmative evidence at the motion to withdraw the guilty plea hearing that but for his counsel's [purportedly] ineffective assistance, he would have insisted on going to trial." *Gower v. State*, 313 Ga. App. 635, 637 (722 SE2d 383) (2012) (citation omitted). On the contrary, there was ample evidence in the record showing that immediately before jury selection, Phillips himself made the decision to plead guilty rather than go to trial. Absent a showing of any prejudice, "the trial court did not abuse its discretion in denying [Phillips'] motion to withdraw his guilty plea." Id.

*Judgment affirmed. Andrews, P. J., and Ray, J., concur.*